MARK CULLOTTA, a Minor, by his Grandmother and Next Friend, Cynthia Cullotta, Plaintiff-Appellant, v. JULIE CULLOTTA, Adm'r of the Estate of Shelley Cullotta, Deceased, Defendant-Appellee.

First District (5th Division)    No. 1—96—2606

Opinion filed March 27, 1997.

Loggans & Cox, of Chicago (Susan E. Loggans, of counsel), for appellant.

Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago (John R. Adams, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

This case is before us on the plaintiff's appeal from an order of the circuit court granting judgment on the pleadings in favor of the defendant. The substantive issue we are called upon to decide is whether the 1993 decision of our supreme court in *Cates v. Cates*, 156 Ill. 2d 76, 619 N.E.2d 715 (1993), partially abrogating the parent-child immunity doctrine, also gives rise to the recognition of a cause of action on behalf of a fetus, subsequently born alive, against the estate of his deceased mother for the unintentional infliction of prenatal

injuries. For the reasons that follow, we answer the question in the negative and affirm the judgment of the circuit court.

Cynthia Cullotta (plaintiff), on behalf of Mark Cullotta (minor plaintiff), a minor, brought the instant action against the administrator of the estate of Shelley Cullotta, deceased. Shelley Cullotta was the mother of the minor plaintiff. In her second amended complaint, the plaintiff charged Shelley Cullotta with negligence in the operation of a motor vehicle, the direct and proximate result of which caused injuries to the minor plaintiff, who was born prematurely four days after the occurrence. The plaintiff's second amended complaint consisted of two counts. Count I sought damages for personal injuries sustained by the minor plaintiff prior to birth and as a result of his premature birth. Count II, based upon the same operative allegations as count I, sought recovery for medical expenses incurred and to be incurred by the minor plaintiff. In response to the second amended complaint, the defendant answered count I, moved to dismiss count II for failure to state a cause of action, and moved for judgment on the pleadings.

On April 24, 1996, this case came before the trial court on the defendant's motion for judgment on the pleadings. The court set a briefing schedule and continued the defendant's motion for hearing on June 14, 1996. When the matter came on for hearing on June 14, the court granted the defendant's motion for judgment on the pleadings relying upon the decision in *Stallman v. Youngquist*, 125 Ill. 2d 267, 531 N.E.2d 355 (1988), which holds that no cause of action can be maintained by or on behalf of a fetus, subsequently born alive, against its mother for the unintentional infliction of prenatal injuries. This appeal followed.

In urging reversal, the plaintiff has raised both procedural and substantive arguments. Before addressing the substantive issues presented, we will briefly address the plaintiff's procedural claims.

According to the plaintiff, the trial court erred in entertaining the defendant's motion for judgment on the pleadings as it was filed without leave of court more than 21 days after the plaintiff filed her second amended complaint. She further contends that the filing of the defendant's answer to count I of the second amended complaint precluded the entry of judgment on the pleadings. We find both arguments meritless.

A motion for judgment on the pleadings brought by a defendant pursuant to section 2—615(e) of the Code of Civil Procedure (735 ILCS 5/2—615(e) (West 1994)) tests the legal sufficiency of the plaintiff's complaint. The issue to be decided is whether the facts alleged in the complaint, if proven, could entitle the plaintiff to relief.

*Foley v. Santa Fe Pacific Corp.*, 267 Ill. App. 3d 555, 641 N.E.2d 992 (1994). As noted in *Foley*, the failure of a complaint to state a legally cognizable cause of action is such a fundamental defect that it may be raised at any time and cannot be waived, even by the filing of an answer. *Foley*, 267 Ill. App. 3d at 561.

■ In this case, the defendant moved for judgment on the pleadings, contending that the plaintiff's second amended complaint failed to state a recognized cause of action. Consequently, the fact that she had answered count I and filed her motion more than 21 days after the filing of the second amended complaint is of no moment. Further, the record fails to reflect any procedural objection to the defendant's motion interposed by the plaintiff before the trial court. To the contrary, the record reflects that the plaintiff was aware that the trial court would address the defendant's motion for judgment on the pleadings and argued the merits of the motion. Thus, having failed to raise her procedural objections before the trial court, the plaintiff has waived those issues for purposes of review. *D'Urso v. Wildheim*, 37 Ill. App. 3d 835, 347 N.E.2d 463 (1976).

On the substantive issues raised in this appeal, the plaintiff contends that: (1) the trial court erroneously construed the second amended complaint as seeking recovery for prenatal injuries; (2) based upon the supreme court's decision in *Cates*, the trial court erred in finding that no cause of action in negligence could be stated in favor of the minor plaintiff against the estate of his deceased mother; and (3) the trial court erred in dismissing count II of the second amended complaint, which sought recovery under the Rights of Married Persons Act (Family Expense Act or Act) (750 ILCS 65/15 (West 1994)). Because we believe that the plaintiff's second contention is at the heart of this appeal, we will address that contention first.

In *Stallman v. Youngquist*, our supreme court was called upon to decide the question of whether a minor could maintain an action against her mother for prenatal injuries sustained as a consequence of her mother's negligent operation of a motor vehicle. *Stallman*, 125 Ill. 2d at 268-69. The *Stallman* court identified two issues on appeal, namely: "the status of the parental immunity doctrine in Illinois *and* the tort liability of mothers to their children for the unintentional infliction of prenatal injuries." (Emphasis added.) *Stallman*, 125 Ill. 2d at 268. After a thorough analysis of the policy considerations implicit in the recognition of a cause of action by a child against his or her mother for unintentionally inflicted prenatal injuries, the supreme court held that "no cause of action will lie for maternal prenatal negligence." *Stallman*, 125 Ill. 2d at 280. In support of that

holding, the court found the absence of a legally cognizable duty on the part of pregnant women to their developing fetuses and commented that, if such a duty is to be recognized, "the decision must come from the legislature." *Stallman*, 125 Ill. 2d at 280. The *Stallman* court was careful to point out that its ruling on the underlying tort liability issue made "unnecessary the consideration of the issue of the parental immunity doctrine." *Stallman*, 125 Ill. 2d at 271.

In *Cates v. Cates*, decided five years after *Stallman*, the supreme court, in the context of an automobile negligence action brought on behalf of a minor child against her father, addressed the continued viability of the parental immunity doctrine in Illinois. *Cates*, 156 Ill. 2d 76. The *Cates* court referenced its earlier decision in *Stallman* wherein it had before it the application of the parental immunity doctrine in an automobile negligence action, but reiterated that in *Stallman* " 'it [was] unnecessary' for the court 'to reach the issue concerning the status of the parental immunity doctrine.' " *Cates*, 156 Ill. 2d at 84-85, quoting *Stallman*, 125 Ill. 2d at 269. After examining the evolution of the parental immunity doctrine in Illinois and other jurisdictions, our supreme court partially abrogated the doctrine, holding that "the immunity should afford protection [only] to conduct inherent to the parent-child relationship" (*Cates*, 156 Ill. 2d at 104) and concluding that "the negligent operation of an automobile is not conduct inherent to the parent-child relationship" (*Cates*, 156 Ill. 2d at 106). The *Cates* court also held that in circumstances where the parent-child relationship is dissolved by death, parental immunity will not be applied. *Cates*, 156 Ill. 2d at 93, 99.

Relying on *Cates*, the plaintiff argues that Shelley Cullotta owed the minor plaintiff a duty to exercise reasonable care in the operation of her motor vehicle, conduct not inherent to the parent-child relationship. She further contends that her second amended complaint states facts establishing a breach of that duty and injuries to the minor plaintiff proximately resulting from that breach and concludes that a good and sufficient cause of action in negligence was stated. In a related argument, the plaintiff states that the death of Shelley Cullotta negates the policy considerations underlying *Stallman*. We believe that the plaintiff's arguments in this regard demonstrate a fundamental misunderstanding of the distinction between the ability to state a cause of action in the first instance and the effect of an immunity on an otherwise well-stated cause of action.

■ It is not enough for a plaintiff in a negligence action to show that he was injured as a consequence of the defendant's failure to act in a reasonable manner. The plaintiff must plead and prove that his injury resulted from the breach of a duty of care owed to him by the

defendant. *Fancil v. Q.S.E. Foods, Inc.* 60 Ill. 2d 552, 328 N.E.2d 538 (1975). Duty is a legally imposed obligation to conform to a certain standard of conduct for the protection of another against an unreasonable risk of harm (*O'Hara v. Holy Cross Hospital*, 137 Ill. 2d 332, 337, 561 N.E.2d 18 (1990)), the existence and scope of which is a question of law to be determined by the court (*Barnes v. Washington*, 56 Ill. 2d 22, 305 N.E.2d 535 (1973)). When, under the facts as pled, no duty of care is owed by the plaintiff to the defendant, no cause of action is stated. *Pelham v. Griesheimer*, 92 Ill. 2d 13, 24, 440 N.E.2d 96 (1982). The existence of a recognized immunity, on the other hand, does not destroy a cause of action; rather, it affords the tortfeasor a defense that bars recovery. *Allstate Insurance Co. v. Elkins*, 77 Ill. 2d 384, 389-90, 396 N.E.2d 528 (1979). Put another way, the existence of an immunity does not mean that conduct that would amount to a tort on the part of another is not still equally tortious in character; it merely means that for the protection of the particular defendant, or of the interests that he or she represents, no recovery may be had. The existence of a legally recognized duty is a prerequisite to the very existence of a cause of action, whereas, the existence of an immunity merely affords a tortfeasor an affirmative defense to a plaintiff's right to recovery.

■ In the case at bar, the defendant's motion for judgment on the pleadings was premised on the argument that the plaintiff's second amended complaint failed to state a cause of action for negligence due to the total absence of any legal duty owed by Shelley Cullotta to the minor plaintiff. Nowhere in her motion did the defendant raise parental immunity. There is no question from the facts alleged by the plaintiff that the occurrence giving rise to this action took place some four days prior to the birth of the minor plaintiff. Thus, the question becomes whether, four days prior to the birth of the minor plaintiff, his mother owed him a legal duty to act reasonably in the operation of a motor vehicle.

The plaintiff's reliance upon *Cates* in support of her position on this inquiry is misplaced. In *Cates*, the supreme court addressed the application of the parental immunity doctrine, whereas, in *Stallman*, the issue was the very existence of a cause of action. The question of the application of the parental immunity doctrine is "a separate question from that of recognizing a cause of action by a fetus, subsequently born alive, against its mother for the unintentional infliction of prenatal injuries." *Stallman*, 125 Ill. 2d at 274. Clearly and without equivocation, the supreme court in *Stallman* held that no legally cognizable duty is owed on the part of a pregnant woman to exercise reasonable care to avoid inflicting unintentional harm

upon her developing fetus. *Stallman,* 125 Ill. 2d at 275-80. Consequently, no cause of action can be stated for maternal prenatal negligence. *Stallman,* 125 Ill. 2d at 280. The *Cates* court neither addressed the issue decided in *Stallman* nor, either explicitly or implicitly, retreated from its holding.

■ We must also reject the plaintiff's contention that the death of Shelley Cullotta somehow renders viable a negligence action against her estate for unintentional prenatal harm to the minor plaintiff.

The question of the existence of a legal duty arising out of the relationship between the parties is a threshold issue that precedes consideration of the elements of breach and causation in a negligence claim. 1 M. Polelle & B. Ottley, Illinois Tort Law § 14.02, at 14—4 (2d ed. 1994). The existence of a legal duty sufficient to support a tort claim is determined at the time of the action giving rise to the claim. See *Zimmermann v. Netemeyer,* 122 Ill. App. 3d 1042, 1048, 462 N.E.2d 502 (1984). A duty to protect against the foreseeable risk of harm to another either exists at the time of the occurrence or it does not exist at all. We know of no case that has relied upon post-occurrence events to determine the existence of a legal duty, nor has the plaintiff cited to any such case. To be sure, *Cates* does, as the plaintiff argues, stand for the proposition that the parental immunity doctrine will not act to bar an action in circumstances where the parent-child relationship has been dissolved by death (*Cates,* 156 Ill. 2d at 93, 99); but, *Cates* does not support the notion that the subsequent death of a parent justifies the imposition of a duty sufficient to support liability in tort when none existed at the time of the injury-causing conduct. Thus, having found that under the circumstances alleged in this case no legal duty was owed to the minor plaintiff by his mother, her subsequent death did not give rise to a negligence action against her estate.

■ Next, the plaintiff claims that trial court erroneously construed her second amended complaint as seeking recovery for prenatal injuries suffered by the minor plaintiff. She argues that his injuries were not prenatal but were injuries sustained as a consequence of his premature birth. We, however, fail to see the distinction that the plaintiff attempts to draw. If, as we have already held, no legally cognizable duty was owed to the minor plaintiff by his mother at the time of the occurrence giving rise to this action, then the fact that the minor plaintiff was injured as a result of that occurrence, either at the time of the occurrence or as a consequence of his premature birth brought on by the occurrence, is irrelevant, as causation is an element that only becomes operative if a legal duty is breached (*Renslow v. Mennonite Hospital,* 67 Ill. 2d 348, 368, 367

N.E.2d 1250 (1977) (Dooley, J., concurring)) and which, standing alone, cannot result in the recognition of a duty (*Stallman*, 125 Ill. 2d at 277).

■ Lastly, the plaintiff argues that count II of her second amended complaint, seeking recovery for medical expenses incurred and to be incurred by the minor plaintiff, stated a good and sufficient cause of action. Again, we disagree.

Assuming for the sake of analysis, but certainly not holding, that a minor possess a right to recover for medical expenses incurred and to be incurred on his behalf (see *In re Estate of Hammond*, 141 Ill. App. 3d 963, 491 N.E.2d 84 (1986); *Bibby v. Meyer*, 60 Ill. App. 2d 156, 208 N.E.2d 367 (1965)), such a recovery would merely be as an element of damage in the minor's tort action against the one causing the injury which necessitated his subsequent medical treatment. It follows that, if a defendant cannot be held liable in tort to the minor, neither can the defendant be liable for his medical expenses. The plaintiff, however, seems to argue that the minor plaintiff possesses some right of recovery against the estate of his mother for medical expenses pursuant to the Family Expense Act (750 ILCS 65/15 (West 1994)). Her reasoning in this regard escapes us.

The only direct action created pursuant to the provisions of the Act is one in favor of creditors against both a husband and a wife for family expenses. 750 ILCS 65/15 (West 1994). However, because the Act renders parents liable for the medical expenses of their minor children, parents can maintain a cause of action against a tortfeasor who injures their child for the recovery of resultant medical expenses. *Graul v. Adrian*, 32 Ill. 2d 345, 205 N.E.2d 444 (1965). Such actions on the part of a parent are considered derivative in nature, as they arise out of the injury to another. *Dewey v. Zack*, 272 Ill. App. 3d 742, 651 N.E.2d 643 (1995). Since a parent's action under such circumstances is derivative, if a defendant is not liable in tort for the underlying injury to the child, the defendant cannot be held liable to the child's parent for the payment of medical expenses. Even if count II of the plaintiff's second amended complaint had alleged an assignment to the minor plaintiff of his parents' right to recover for medical expenses necessitated by his injuries, which it did not, any action brought upon such an assignment would be circumscribed by his parents' right of recovery (*Curtis v. Womeldorff*, 145 Ill. App. 3d 1006, 496 N.E.2d 500 (1986); *In re Estate of Hammond*, 141 Ill. App. 3d at 966-67), which in this case was nonexistent. Consequently, whether the plaintiff chooses to characterize count II of her second amended complaint as a direct action in negligence on the part of the minor plaintiff for the recovery of medical expenses, a direct action on the

part of the minor plaintiff under the Act or an action on the part of the minor plaintiff as assignee of his father, the result is the same; it fails to allege a cause of action upon which relief could be granted.

The judgment of the circuit court is affirmed.

Affirmed.

HARTMAN and SOUTH, JJ., concur.