# Illinois Official Reports

## Appellate Court

---

**National R.R. Passenger Corp. v. Terracon Consultants, Inc.**,
**2014 IL App (5th) 130257**

---

| | |
|---|---|
| Appellate Court Caption | NATIONAL RAILROAD PASSENGER CORPORATION, KATHY M. RICHARDSON, GATEWAY EASTERN RAILWAY COMPANY, KANSAS CITY SOUTHERN RAILWAY COMPANY, UNION PACIFIC RAILROAD COMPANY, PLATTE PIPE LINE COMPANY, KINDER MORGAN PIPLINES (USA), INC., and KINDER MORGAN CANADA, INC., Plaintiffs-Appellants, v. TERRACON CONSULTANTS, INC., and MATTHEW S. BALVEN, as Special Administrator of the Estate of Heather S. Balven, Deceased, Defendants-Appellees. |
| District & No. | Fifth District<br>Docket No. 5-13-0257 |
| Filed | July 1, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from the death of defendant's decedent and decedent's unborn fetus when the pickup truck belonging to decedent's employer struck an Amtrak train at a grade crossing while decedent was driving, the trial court properly dismissed the contribution claims filed against decedent's employer and her estate after plaintiffs, including several railroads, settled the underlying wrongful death action brought by decedent's estate and the estate of the unborn fetus, since decedent mother had no legal duty to her unborn fetus, and in the absence of a legal duty, no cause of action was stated or could be stated against her estate by the complaint for contribution; however, as to the claim for contribution based on the negligence of decedent's employer in training decedent on safety procedures and practices in crossing railroad tracks, the dismissal was reversed and the cause was remanded to allow the parties to amend their pleadings and permit the court to consider the viability of that claim. |

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Madison County, No. 09-L-871; the Hon. Dennis R. Ruth, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; cause remanded. |
| Counsel on Appeal | Richard E. Boyle and Leslie B. Shinners, both of Boyle Brasher LLC, of Belleville, and Mark E. Christensen and Katherine Amelotte Jones, both of Christensen & Ehret LLP, of Chicago, for appellants. |
| | Roger F. Wilson, of Law Office of Stephen H. Larson, of St. Louis, Missouri, for appellee Terracon Consultants, Inc. |
| | Susan M. Herold and Jeffrey K. Suess, both of Rynearson, Suess, Schnurbusch & Champion, LLC, of St. Louis, Missouri, for appellee Matthew S. Balven. |
| Panel | JUSTICE SPOMER delivered the judgment of the court, with opinion. Justices Goldenhersh and Stewart concurred in the judgment and opinion. |

**OPINION**

¶ 1    The plaintiffs, National Railroad Passenger Corporation, Kathy M. Richardson, Gateway Eastern Railway Company, Kansas City Southern Railway Company, Union Pacific Railroad Company, Platte Pipe Line Company, Kinder Morgan Pipelines (USA), Inc., and Kinder Morgan Canada, Inc., appeal the order of the circuit court of Madison County that dismissed their complaint for contribution against the defendants, Terracon Consultants, Inc. (Terracon), and Matthew S. Balven, as special administrator of the estate of Heather S. Balven, deceased (Heather's estate). For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

¶ 2                                    FACTS
¶ 3    The facts necessary to our disposition of this appeal are as follows. On March 12, 2009, while in the course of her employment with defendant Terracon, and while driving a pickup truck owned by Terracon, decedent Heather S. Balven collided with an Amtrak train at a railroad grade crossing in Hartford. Both Heather and her unborn fetus of approximately three months gestation (subsequently named Morgan A. Balven) were killed instantly in the collision. Litigation ensued, and the plaintiffs in this action settled wrongful death claims

brought by Heather's estate and by Morgan's estate. Following those settlements, the plaintiffs brought this contribution action against Terracon (count I) and against Heather's estate (count II), alleging that both Terracon and Heather were guilty of acts of negligence that caused the collision and therefore proximately caused Morgan's death. The allegations against Terracon, found in count I, consisted of six alleged acts of negligence on the part of Heather for which Terracon was allegedly vicariously liable, and a seventh alleged act of negligence that was allegedly directly attributable to Terracon and separate from any negligence on the part of Heather: the alleged failure of Terracon "to properly train and instruct its employees, including [Heather], concerning safety procedures and practices while crossing railroad tracks during the performance of their duties."

¶ 4      Heather's estate moved to dismiss count II, contending that Heather owed no legal duty to her unborn fetus, and that in the absence of a legal duty, no cause of action was stated or could be stated against Heather's estate by the complaint for contribution. At the hearing on the motion to dismiss, Terracon orally moved to join Heather's estate's motion to dismiss, but did not assert, orally or in writing, any separate or additional grounds for dismissal. Following the hearing, the trial court dismissed both counts of the complaint for contribution, pursuant to *Stallman v. Youngquist*, 125 Ill. 2d 267 (1988), and *Cullotta v. Cullotta*, 287 Ill. App. 3d 967 (1997). This timely appeal followed. Additional facts will be provided as necessary throughout the remainder of this opinion.

¶ 5                                                    ANALYSIS

¶ 6      We review *de novo* the trial court's order dismissing this action. *Gregory v. Farmers Automobile Insurance Ass'n*, 392 Ill. App. 3d 159, 161 (2009). The arguments of the parties on appeal may be stated quite succinctly: the defendants contend that under *Stallman v. Youngquist*, 125 Ill. 2d 267 (1988), no cause of action exists in Illinois by or on behalf of a fetus against its mother for the unintentional infliction of prenatal injuries, or even prenatal death, and that, in the absence of such a cause of action, no contribution claim may be sustained under the Joint Tortfeasor Contribution Act (the Act) (740 ILCS 100/0.01 *et seq.* (West 2008)). The defendants also contend that: (1) there was no duty owed by Heather to the general public that would render Heather's estate "subject to liability in tort" under the Act to Morgan's estate for Morgan's death, the injury for which the plaintiffs seek contribution; (2) under *Stallman*, because there is no legal duty on the part of a mother to her unborn child, there is no proper cause of action by Morgan's estate for wrongful death against Heather's estate; and (3) no claim for contribution against Terracon, as Heather's employer, for negligent supervision or training of Heather can stand because the portion of the plaintiffs' complaint purporting to state this claim against Terracon contains only conclusory factual allegations and therefore asserts no cognizable cause of action.

¶ 7      The plaintiffs, on the other hand, contend that because *Stallman* did not involve a contribution claim, it should not be read so broadly as to bar the claim in this case. Instead, the plaintiffs point to *People v. Brockman*, 143 Ill. 2d 351, 371 (1991), wherein the Supreme Court of Illinois held that "there need not be actual tort liability in order to state a cause of action for contribution," as long as "the persons from whom contribution is sought are potentially capable of being held liable in a court of law or equity," said potential for liability depending "merely upon their relative culpability in causing the same injury." The plaintiffs point out that under *Brockman*, "[s]o valued are principles of fairness and the avoidance of

unjust enrichment that even if a person who might otherwise be immune has contributed as a cause to the injury he should be liable in contribution" "even though he cannot be directly liable to the plaintiff." *Id.* at 373-74. The plaintiffs also contend there is no conflict in this case with *Stallman*, because *Stallman* dealt only with situations in which a fetus was subsequently born alive, and thus the public policy considerations before the *Stallman* court−which involved the far-ranging implications of allowing a living infant to assert liability against his or her mother for alleged prenatal injuries attributable to the mother's conduct during pregnancy−are not implicated in a case such as this one, where the fetus did not survive.

¶ 8 The plaintiffs further contend: (1) Heather breached a duty owed to the general public, including the plaintiffs, and that *Stallman* notwithstanding, the defendants are "subject to liability in tort" as a result of that breach; (2) the defendants are "subject to liability in tort" because *Stallman* does not preclude a wrongful death claim on the behalf of Morgan's estate against Heather's estate and thus does not preclude a contribution claim by the plaintiffs with regard to that wrongful death claim; and (3) the trial court erred in dismissing the plaintiffs' claim for contribution against Terracon for failure "to properly train and instruct its employees, including [Heather], concerning safety procedures and practices while crossing railroad tracks during the performance of their duties."

¶ 9 With regard to the plaintiffs' claim that *Stallman* is not applicable to this case because it did not involve a contribution claim and it did not involve a fetus who did not survive the injuries allegedly inflicted by the tortfeasor, we agree with the defendants that under *Stallman* there is simply no duty owed by Heather to Morgan, and that a contribution claim brought under the Act pursuant to this nonexistent duty is not sustainable. As the defendants point out, although a cause of action for the wrongful death of an unborn fetus does exist in Illinois, against the world at large, no Illinois court has recognized that cause of action when asserted against the mother of the unborn fetus. We are not persuaded by the plaintiffs' argument that the public policy considerations discussed in *Stallman*−which, as noted above, involved a fetus subsequently born alive−do not apply equally when the fetus does not survive. As the defendants point out, declining to recognize the applicability of the *Stallman* holding to situations where a fetus does not survive the injuries allegedly inflicted unintentionally by the mother of the fetus would create the paradoxical and potentially unjust situation wherein a fetus that did not survive its injuries could bring a claim against its mother, but a fetus that did survive its injuries could not. We agree with the defendants that duty should not hinge on the nature and extent of the injury involved. The *Stallman* court declined to recognize a legal duty on the part of a pregnant woman, during her pregnancy, to "guarantee the mental and physical health of another" at birth, because the recognition of such a legal duty would create an environment wherein "[m]other and child would be legal adversaries from the moment of conception until birth." *Stallman v. Youngquist*, 125 Ill. 2d 267, 276 (1988).

¶ 10 In accordance with this reasoning, and the other thoughtful and compelling public policy reasoning put forward by the *Stallman* court (see *id.* at 276-80), we believe the court likewise would have rejected the idea that a pregnant woman has a legal duty, during her pregnancy, to guarantee that her fetus will survive to birth, as that too would create an environment where mother and child were legal adversaries during the pregnancy. Accordingly, although we recognize that the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 2008)) itself

does not specifically prevent an unborn fetus from asserting a claim against an allegedly negligent mother, we hold that the recognition of a cause of action for wrongful death asserted by an unborn fetus against the mother of the fetus would be incongruent with the reasoning underlying the *Stallman* holding that there is no duty on the part of a mother to her unborn fetus. Therefore, we decline to recognize such a duty and such a cause of action.

¶ 11  We also agree with the defendants that the detailed and specific reasoning found in *Cullotta v. Cullotta*, 287 Ill. App. 3d 967, 972-74 (1997), with regard to the distinction between immunity from liability and lack of duty trumps the more general aspirational statements about the relationship between immunity and contribution under the Act found in *People v. Brockman*, 143 Ill. 2d 351, 373-74 (1991), cited by the plaintiffs. The *Cullotta* court ruled that in the absence of a legal duty of care owed to a plaintiff by a defendant, "no cause of action is stated" because "[t]he existence of a legally recognized duty is a prerequisite to the very existence of a cause of action, whereas, the existence of an immunity merely affords a tortfeasor an affirmative defense to a plaintiff's right to recovery." *Cullotta*, 287 Ill. App. 3d at 973. Accordingly, the *Cullotta* court reiterated that, pursuant to *Stallman*, "no cause of action can be stated for maternal prenatal negligence." *Id*. at 974. In the case at bar, Heather owed no duty to Morgan, and thus there is no set of circumstances under which Heather's estate can be "subject to liability in tort" to Morgan's estate.

¶ 12  The plaintiffs also posit that, aside from any duty owed by Heather to Morgan, Heather also breached a duty owed to the general public, including the plaintiffs, and that *Stallman* notwithstanding, the defendants are "subject to liability in tort" under the Act as a result of that breach. The plaintiffs concede that no Illinois courts have recognized such a duty, but cite a number of cases from New York in which courts have, and urge us to adopt the position of those courts. We are not persuaded by the reasoning of the New York courts and decline to adopt the position advocated by the plaintiffs. Accordingly, no contribution claim against Heather's estate under the Act is sustainable, and the trial court did not err in dismissing the plaintiffs' claims against Heather's estate.

¶ 13  Likewise, because no cause of action against Heather's estate exists that would make it "subject to liability in tort" under the Act to Morgan's estate, the plaintiffs' claims against Terracon for contribution under the Act for the six alleged acts of negligence by Heather for which Terracon was allegedly vicariously liable, under the theory of *respondeat superior*, fail as well. See, *e.g.*, *Carey v. K-Way, Inc.*, 312 Ill. App. 3d 666, 672 (2000) (no liability for employer under theory of *respondeat superior* where no liability on part of employee).

¶ 14  We now address the plaintiffs' contention that the trial court erred in dismissing the plaintiffs' final claim for contribution against Terracon, which was based upon a seventh alleged act of negligence that, unlike the previous six acts, was allegedly directly attributable to Terracon and separate from any negligence on the part of Heather: the alleged failure of Terracon "to properly train and instruct its employees, including [Heather], concerning safety procedures and practices while crossing railroad tracks during the performance of their duties." As noted above, although Terracon, at the hearing on Heather's estate's motion to dismiss, orally moved to join that motion, Terracon did not assert, orally or in writing, any separate or additional grounds for dismissal. Not surprisingly, Heather's estate's motion to dismiss did not attack the plaintiffs' negligent-training claim against Terracon, which, as noted above, was based upon the purported conduct of Terracon, not of Heather. Accordingly, although Terracon now asserts multiple reasons why it claims we should affirm

the dismissal of the plaintiffs' complaint, even with regard to the negligent-training claim, those reasons were never presented to the trial court, although they should have been and very easily could have been. Therefore, we agree with the plaintiffs that Terracon's objections to the pleadings of the plaintiffs should only be considered on appeal if the plaintiffs' complaint, "with all the intendments in its favor, wholly and absolutely fails to state a cause of action at all." *Oberman v. Byrne*, 112 Ill. App. 3d 155, 159 (1983); see also 735 ILCS 5/2-612(c) (West 2012) ("All defects in pleadings, either in form or substance, not objected to in the trial court are waived."); *Naiditch v. Shaf Home Builders, Inc.*, 160 Ill. App. 3d 245, 259 (1987) (complaint does not "wholly and absolutely" fail to state a cause of action if, had alleged deficiencies been raised in trial court, plaintiff "might have remedied the pleading defects now complained of for the first time on appeal"). For the following reasons, we cannot conclude that the plaintiffs' claim against Terracon, with all the intendments in its favor, wholly and absolutely fails to state a cause of action at all.

¶ 15    As the plaintiffs point out, a claim for negligent training is "best analyzed under principles generally applicable to negligence cases." *Vancura v. Katris*, 238 Ill. 2d 352, 383 (2010). Therefore, the cases cited by the trial court in its order, both of which were pertinent to the lack of liability on the part of Heather's estate, and the lack of vicarious liability on the part of Terracon, due to Heather's lack of a duty to Morgan, do not support the dismissal of the plaintiffs' negligent-training claim, which, under principles generally applicable to negligence cases, requires an analysis of Terracon's duty to Morgan, apart from any duty owed by Heather, on the basis of the conduct of Terracon in its training of Heather. That is because a direct claim of negligence against an employer, such as a claim for negligent hiring, negligent training, or negligent supervision, differs from a vicarious liability, or *respondeat superior*, claim. *Id.* at 375. The latter type of claim generally requires no "malfeasance on the part of the employer," but only legal liability on the part of the employee, which is then imputed to the employer. *Id.* The former type of claim, in contrast, requires that the plaintiff prove "that the employer was *itself* negligent." (Emphasis in original.) *Id.* The plaintiff must prove the existence of a duty on the part of the employer to the injured party, a breach of that duty, and an injury proximately caused by the breach. *Id.* "In direct negligence, the plaintiff must prove that the employer's breach–not simply the employee's malfeasance–was a proximate cause of the plaintiff's injury." *Id.* Significantly, although Illinois courts speak of some type of malfeasance, wrongdoing, or negligence on the part of the employee that results from the negligent hiring, training, or supervision of the employer and thus leads to the direct liability of the employer, no Illinois case of which we are aware has held that the employee must actually be liable in tort in order for the causes of action to lie. See *Young v. Lemons*, 266 Ill. App. 3d 49, 52 (1994) (noting in negligent hiring and negligent supervision case that proximate cause focus is on employer's "failure to exercise ordinary care in hiring or supervision, rather than the wrongful act of the employee" and that no Illinois case requires employee's wrongful act to result in liability in tort on part of employee). Accordingly, the fact that Heather cannot be held liable in tort by Morgan solely because of her special relationship to Morgan as Morgan's mother is not, in and of itself, determinative of whether Terracon can be held liable in tort by Morgan for its allegedly negligent training of Heather.

¶ 16    Terracon asserts, citing in support thereof a negligent-entrustment case, that we should nevertheless affirm the dismissal of the negligent-training claim, pursuant to the language in

*Gant v. L.U. Transport, Inc.*, 331 Ill. App. 3d 924, 928 (2002), that the liability of an employer cannot exceed the liability of an employee. However, we agree with the plaintiffs that Terracon takes the *Gant* holding out of context; in fact, what the *Gant* court recognized was that when an employer has conceded responsibility, under the theory of *respondeat superior*, for an employee's negligence, the employer cannot also be held responsible under a separate theory of negligent entrustment, because under those circumstances, "the cause of action for negligent entrustment is duplicative and unnecessary" and allowing it to stand would allow the trier of fact "to assess or apportion a principal's liability twice." *Id.* at 929-30. In the case at bar, Terracon has not conceded responsibility under a theory of *respondeat superior*, and indeed we have held that Terracon has no liability under the theory of *respondeat superior*. Thus, the negligent-training claim is not duplicative and unnecessary, and allowing it to stand will create no danger of a judge or jury assessing or apportioning Terracon's alleged liability twice.

¶ 17    Accordingly, although we otherwise affirm the order of the trial court, we reverse the order with regard to the plaintiffs' negligent-training claim against Terracon and remand for further proceedings, at which time both parties may seek leave of court to amend their pleadings so that the court may adjudge the viability or nonviability of that claim.

¶ 18                                              CONCLUSION
¶ 19    For the foregoing reasons, we affirm in part, reverse in part, and remand for further proceedings.

¶ 20    Affirmed in part and reversed in part; cause remanded.