Filed 11/07/24

| | | |
|---|---|---|
| **VERMONT SUPERIOR COURT**<br>Washington Unit<br>65 State Street<br>Montpelier VT 05602<br>802-828-2091<br>www.vermontjudiciary.org |  | **CIVIL DIVISION**<br>Case No. 23-CV-03169 |

---

Marieke-Moon Weisblatt v. First Student, Inc., et al

---

### Opinion and Order on Harwood Unified School District's Motion for Summary Judgment

Plaintiff Ms. Marieke-Moon Weisblatt alleges that she was injured when the school bus on which she was a passenger was driven negligently, causing her to be thrown from her seat. Ms. Weisblatt was attending a school in the Harwood Unified Union School District (Harwood) at the time. Harwood had contracted with First Student, Inc., to provide busing services for its students. Mr. John Aberth was the allegedly negligent driver. Ms. Weisblatt has asserted one count of direct negligence against both Harwood and First Student and one count of vicarious liability against both for Mr. Aberth's negligence. Mr. Aberth is not a defendant in this case. After the Court denied Harwood's motion to dismiss, Harwood filed a cross-claim against First Student claiming contractual indemnification.

Harwood has filed a motion for summary judgment. It argues that: (1) there is no cognizable basis for any claim of direct negligence against it; (2) the undisputed facts cannot support any claim that Mr. Aberth was a Harwood employee for vicarious liability purposes; and (3) it is entitled to contractual indemnification from First Student for Ms. Weisblatt's claims.

I.     Procedural Standard

Summary judgment procedure is "an integral part of the . . . Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Morrisseau v. Fayette*, 164 Vt. 358, 363 (1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).  Summary judgment is appropriate if the evidence in the record, referred to in the statements required by Vt. R. Civ. P. 56(c), shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Vt. R. Civ. P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994) (summary judgment will be granted if, after adequate time for discovery, a party fails to make a showing sufficient to establish an essential element of the case on which the party will bear the burden of proof at trial).  The Court derives the undisputed facts from the parties' statements of fact and the supporting documents.  *Boulton v. CLD Consulting Engineers, Inc.*, 2003 VT 72, ¶ 29, 175 Vt. 413, 427.  A party opposing summary judgment may not simply rely on allegations in the pleadings to establish a genuine issue of material fact.  Instead, it must come forward with deposition excerpts, affidavits, or other evidence to establish such a dispute.  *Murray v. White*, 155 Vt. 621, 628 (1991).  Speculation is insufficient.  *Palmer v. Furlan*, 2019 VT 42, ¶ 10, 210 Vt. 375, 380.

The basic facts material to Harwood's motion are undisputed.

II.     Analysis

A.     Direct Negligence

Harwood argues that Ms. Weisblatt has failed to identify any duty it owed to her in relation to her injury.  It further contends that if there was such a duty, then there is

no allegation or evidence that it breached that duty or that any proximate causation connects such a breach to her injury. In short, other than the fact that the injury is uncontested for purposes of the motion, Harwood maintains that all elements of a direct negligence claim fail on this record.

It helps at the start to distinguish direct from vicarious liability. An employer may have *direct* liability for its own malfeasance, such as negligent hiring or supervision. It also may have *vicarious* (derivative or indirect) liability for the malfeasance of an employee or agent. *See Brueckner v. Norwich Univ.*, 169 Vt. 118, 126 (1999) ("A principal may, in addition to being found vicariously liable for tortious conduct of its agents, be found directly liable for damages resulting from negligent supervision of its agents' activities."). As one court has explained: "[A] direct claim of negligence against an employer, such as a claim for negligent hiring, negligent training, or negligent supervision, differs from a vicarious liability, or *respondeat superior*, claim. The latter type of claim generally requires no 'malfeasance on the part of the employer,' but only legal liability on the part of the employee, which is then imputed to the employer. The former type of claim, in contrast, requires that the plaintiff prove 'that the employer was itself negligent.'" *National Railroad Passenger Corp. v. Terracon Consultants, Inc.*, 13 N.E.3d 834, 839 (Ill. Ct. App. 2014) (citations omitted); *see also McInnis v. Fairfield Communities, Inc.*, 458 F.3d 1129, 1137 n.4 (10th Cir. 2006) ("Direct liability, unlike vicarious liability, is premised on a party's own malfeasance."); *Engineering & Const. Innovations, Inc. v. L.H. Bolduc Co., Inc.*, 825 N.W.2d 695, 708 (Minn. 2013) ("Unlike direct liability, vicarious liability is the imposition of liability on one person for the

actionable conduct of another, based solely on a relationship between the two persons." (internal quotation omitted)).

The only negligent act described in the complaint is that Mr. Aberth was driving too fast for the crumby road conditions and doing so caused Ms. Weisblatt's injury. Nowhere in the complaint does she say what she thinks Harwood did wrong that could be a basis for her Count 1 claim of direct negligence against Harwood.

In her opposition to summary judgment, she appears to focus exclusively on her Count 2 vicarious claim against Harwood, the substantial question being whether Mr. Aberth may be properly considered an employee. She neither explains what her direct claim against Harwood is or how evidence in the record could support it, however. This is insufficient for summary judgment purposes. *See Poplaski v. Lamphere*, 152 Vt. 251, 254–55 (1989) ("Summary judgment is mandated under the plain language of [Rule 56] where, after an adequate time for discovery, a party 'fails to make a showing sufficient to establish the existence of an element' essential to his case and on which he has the burden of proof at trial.").

The closest the briefing comes to anything that could bear upon a direct claim is a reference, embedded in Ms. Weisblatt's vicarious liability arguments, to her own Exhibit 8. Exhibit 8 includes an e-mail from a parent (not Ms. Weisblatt's) to a Harwood official complaining about Mr. Aberth's driving, evidently the driving that led to the alleged injury in this case. The Harwood official then e-mailed First Student to notify it of the allegation and to discuss the matter. In doing so, the Harwood official includes this: "This is not the first time the school has heard the John speed complaint." Thus, the record includes at least some indication that Harwood had some awareness of prior

complaints that Mr. Aberth drove too fast. It includes no further evidence to show that any such knowledge was never acted upon or was acted upon in some deficient manner (if there was any basis for action at all), such that there might be some basis for a negligent supervision type of claim.

While a Court must indulge all reasonable inferences in favor of the party opposing summary judgment, it may not conjure evidence that was not submitted or hypothesize as to what evidence might exist outside of the record. *Mello v. Cohen*, 168 Vt. 639, 641 (1998) ("[T]o defend against a summary judgment motion, a plaintiff cannot rely on conclusory allegations or mere conjecture."); *see Bernasconi v. City of Barre*, 2019 VT 6, ¶ 11, 209 Vt. 419, 423 ("[W]here the jury could only find for the plaintiff by relying on speculation, the defendant is entitled to judgment."); *accord Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) ("conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment"); *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) (same).

On this summary judgment record, endeavoring to find evidentiary support for an actionable claim of direct negligence would amount to pure speculation. Plaintiff bears the burden of proof of establishing, through appropriate Rule 56 materials, that a dispute of material fact exists as to the direct negligence claim. She has failed to do so, and she has not asserted that she needed more discovery before responding to Harwood's motion. *See* Vt. R. Civ. P. 56(d).

Harwood is entitled to summary judgment on this claim.

## B. Vicarious Liability

The parties agree that, if Mr. Aberth was Harwood's employee, then it will have vicarious liability for any negligence attributable to him. There is no dispute, for example, as to whether driving the school bus route on the date of the injury was within the scope of his employment. The parties further agree that this employment determination is made using Vermont's common law right-to-control test. The parties disagree as to the outcome of that test under the circumstances of this case.

The Court notes that the immediate issue is not whether Mr. Aberth was, in fact, Harwood's employee but whether there is a material dispute as to his status such that the matter must be resolved by the jury rather than as a matter of law. *See* Dan B. Dobbs, *et al., The Law of Torts* § 431 (2d ed.) ("When the evidence is substantially mixed, the question is usually one for the jury. But if the undisputed evidence shows that the employer has little control over the means and manner of work, the court may conclude as a matter of law that the worker is an independent contractor." (footnotes omitted)).

The Vermont Supreme Court has described the right-to-control test as follows: "[A] worker is an employee if the party for whom work is being done may prescribe not only what the result shall be, but also may direct the means and methods by which the other shall do the work." *Kuligoski v. Rapoza*, 2018 VT 14, ¶ 15, 207 Vt. 43, 50. The *Kuligoski* Court goes on to explain:

> The right-to-control test is the primary and generally determinative standard, but when it "does not clearly answer the question, we look to other factors to help analyze the nature of the employment relationship"— specifically, the factors set forth in § 220 of the Restatement (Second) of Agency. Put another way, the right-to-control test is the "general standard" and "the remaining Restatement factors are supplementary to [that] test, particularly in a close case." In addition to "the extent of control . . . over the details of the work," which is essentially the right-to-control test, the

> Restatement factors examine whether the worker is engaged in a distinct occupation, whether the kind of occupation engaged in is usually done under the direction of an employer, the skill required, whether the worker supplies the tools for the work, the length of time the worker is employed, whether payment is by time or by the job, whether the work is part of the regular business of the principal, whether the parties believe they are creating an employer–employee relationship, and whether the principal is or is not in business.

*Id.*, 2018 VT 14, ¶ 16, 207 Vt. at 51 (citations omitted). "In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if the employer has the right to do so." Corp. Counsel's Guide to Ind. Contractors § 1:2; *see Hill v. City of Horn Lake*, 160 So. 3d 671, 676 (Miss. 2015) ("In determining whether an employer has the right of control over the employee, the Court should consider what the employer was entitled to do under the contract, as opposed to what the employer actually did."); *Depianti v. Jan-Pro Franchising Int'l, Inc.*, 990 N.E.2d 1054, 1062 (Mass. 2013) ("It is not necessary that there be any actual control by the alleged master to make one his servant or agent, but merely a right of the master to control." (citation omitted)).

The principal evidence of Harwood's right to control Mr. Aberth's employment is Harwood's contract with First Student. In the Court's October 2, 2023, dismissal decision, it cataloged several rights reserved in the contract to Harwood that, if exercised, would at least arguably exhibit control over the means, method, or manner by which Mr. Aberth performed his services. Without limiting the description provided in the Court's earlier opinion, *inter alia*, Harwood had the unilateral ability to switch the routes Mr. Aberth drove and to terminate him from all Harwood routes. Contract ¶ 10.D. *See* Corp. Counsel's Guide to Ind. Contractors § 1:2 ("The right to discharge is also an important factor and indicates that the person possessing that right is an employer."). It

is unnecessary to repeat, again, all such rights reserved to Harwood in the Contract. The point is that, while the ultimate facts may point in different directions, the rights reserved to Harwood in the Contract provide reason enough to insulate the issue from a ruling as a matter of law. The jury will have to resolve Mr. Aberth's employment status.

### C. Indemnification

The contract between Harwood and First Student contains a broad indemnification clause protecting Harwood. In its motion, Harwood seeks summary judgment to the effect that it is entitled to indemnification under that clause for the claims asserted by Ms. Weisblatt in this case. First Student does not oppose summary judgment on this issue. Accordingly, Harwood will be entitled to indemnification from First Student if it is determined to have liability for Mr. Aberth's alleged negligence.

### Conclusion

For the foregoing reasons, Harwood's motion for summary judgment is granted, in part, and denied, in part.

Electronically signed on Wednesday, November 6, 2024, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge