KENNETH J. WILK, Special Adm'r of the Estate of Brian K. Wilk, Deceased, Plaintiff-Appellant, v. 1951 W. DICKENS, LTD., d/b/a Danny's Tavern, *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—97—0303

Opinion filed June 9, 1998.

Clifford Law Offices, of Chicago (Robert A. Clifford, Richard L. Pullano, and Robert Sheridan, of counsel), for appellant.

Shipley & Associates, Ltd., of Chicago (Jay R. Giusti, of counsel), for appellees.

JUSTICE RAKOWSKI delivered the opinion of the court:

Approximately an hour after leaving Danny's Tavern, 20-year-old Brian Wilk, plaintiff's decedent (decedent), was found beaten and unconscious. Decedent ultimately died from his injuries. Finding that defendants, 1951 W. Dickens, Ltd., and Terrance Alexander (Alexander), owed no duty to ensure decedent's safety away from the tavern's premises, the trial court granted defendants' motion to dismiss and denied plaintiff leave to file a proposed amended complaint. We affirm.

## I. FACTS

The material facts are not in dispute. On the evening of April 27, 1994, decedent and several companions were at defendants' establishment, commonly known as Danny's Tavern, located at 1951 W. Dickens, in Chicago. At about 11:30 p.m., a verbal exchange occurred between decedent's party and another party. Although the confrontation did not become physical, Alexander, president and shareholder of 1951 W. Dickens Ltd., instructed decedent's party to stay at the tavern and instructed the other group to leave. Sometime later, decedent and his companions left the tavern.

Approximately an hour and a half after the first party left the tavern, a customer came into the tavern and informed Alexander that a street fight was occurring a block away at 2110 N. Winchester. When Alexander arrived, he found decedent lying on the ground unconscious.

Plaintiff's original complaint and proposed amended complaint essentially allege that defendants owed decedent a "higher duty" that required them to ensure decedent's safety after he left the tavern's property. Plaintiff anchors this theory on the allegation that defendants kept a "disorderly house" by operating an enterprise that served alcohol to underage persons. Plaintiff claims that this activity creates unreasonably dangerous conditions for minors from which defendants could reasonably foresee that decedent would be harmed away from the tavern's property. Plaintiff alleges that defendants breached their "higher duty" by failing to detain those who threatened decedent while giving decedent time to leave the vicinity and avoid a violent confrontation outside. Plaintiff also alleges that defendants breached their duty by failing to call the police to arrest those involved in the verbal altercation including decedent and by failing to ensure that decedent arrived home safely.

Defendants filed a motion to dismiss pursuant to section 2—619(a)(9) of the Illinois Code of Civil Procedure. 735 ILCS 5/2—619(a)(9) (West 1994). Defendants included an affidavit by Alexander and other supporting materials with their motion to dismiss. These materials show that decedent was injured a block away and around the corner from the tavern approximately an hour after decedent left defendants' establishment. As such, defendants argued that plaintiff failed to allege a cause of action because, under these facts, they were not under a legal duty to ensure decedent's safety after decedent left the tavern. Plaintiff did not object to or controvert this evidence.

The trial court granted defendants' motion to dismiss and subsequently denied plaintiff's motion for leave to file its amended complaint. This court has jurisdiction pursuant to Supreme Court Rule 301, allowing appeals from final orders. 155 Ill. 2d R. 301.

## II. DISCUSSION

■ Section 2—619 of the Illinois Code of Civil Procedure was designed to provide an efficient means to dispose of issues of law or easily proved issues of fact. *Longfellow v. Corey*, 286 Ill. App. 3d 366, 368 (1997). The court reviews *de novo* the trial court's ruling of defendants' section 2—619 motion. *Longfellow*, 286 Ill. App. 3d at 368. This court considers as true all well-pleaded facts in plaintiff's complaint and all reasonable inferences drawn from those facts. *Griffin v. Universal Casualty Co.*, 274 Ill. App. 3d 1056, 1063 (1995).

■ Section 2—619(a)(9) permits a defendant to move for involuntary dismissal of plaintiff's complaint where plaintiff's claim is "barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2—619(a)(9) (West 1994). Once the defendant satisfies his initial burden of going forward on a section 2—619(a)(9) motion, plaintiff must controvert the affirmative matter by asserting that it is unfounded or requires the resolution of an essential element of material fact. *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383 (1997). If plaintiff fails to meet its burden, the court may dismiss the complaint. *Epstein*, 178 Ill. 2d at 383. Thus, as can be seen, a motion pursuant to section 2—619(a)(9) is similar to a motion for summary judgment, especially in the case where a determination of fact is involved. *Cunningham v. Huffman*, 223 Ill. App. 3d 878, 886 (1992).

### A. Defendants' Liability

■ Business owners, such as tavern operators, owe a duty to exercise reasonable care to protect their invitees from reasonably foreseeable criminal acts of third parties while the invitees remain on their premises. *Lucht v. Stage 2, Inc.*, 239 Ill. App. 3d 679, 684-85

(1992); *Lewis v. Razzberries, Inc.*, 222 Ill. App. 3d 843, 849 (1991); *Badillo v. De Vivo*, 161 Ill. App. 3d 596, 598 (1987); *Yangas v. Charlie Club, Inc.*, 113 Ill. App. 3d 398, 401 (1983) (duty to protect invitee in tavern parking lot would be imposed if harmful act was reasonably foreseeable); see Restatement (Second) of Torts § 344 (1965).

However, where the injury occurs away from the premises, as in the instant case, Illinois courts have repeatedly refused to impose liability upon the business operator, reasoning that requiring business operators to protect their patrons from injuries occurring away from the premises would place an unjustifiable burden on the operator. *Fitzpatrick v. Carde Lounge, Ltd.*, 234 Ill. App. 3d 875, 879 (1992); *Lewis*, 222 Ill. App. 3d at 852; *Badillo*, 161 Ill. App. 3d at 598-99. See also Restatement (Second) of Torts § 314A, Comment *c*, at 119 (1965) (a possessor of land is not under a duty to an invitee while the invitee is away from the premises). But see *Shortall v. Hawkeye's Bar & Grill*, 283 Ill. App. 3d 439, 444-45 (1996) (where "dispute began in the bar, a challenge was extended to 'take it outside,' and a brawl developed just outside the front door and continued for 15 minutes while [tavern owner] or his employees watched out the window, [tavern owner] was under the same duty as if the fight had occurred inside the bar").

■ Conceding that defendant is not liable for decedent's death under the above case law, plaintiff urges this court to find the above law inapplicable because it addresses the liability of tavern operators who run lawful businesses. Instead, plaintiff submits that this court should create a "higher duty" and impose it upon defendants because they operated an alleged "disorderly house" by serving alcohol to minors. Plaintiff contends that defendants' enterprise of serving alcohol to underage persons creates unreasonably dangerous conditions for minors and that, as a consequence, defendants could reasonably foresee that decedent would be harmed away from the premises. As such, plaintiff urges that defendants breached this higher duty by not ensuring that decedent was not harmed.

However, the case law relied on by plaintiff fails to support or even allude to such a proposition. See *Launtz v. Vogt*, 133 Ill. App. 255, 260-61 (1907) (appellee was not entitled to specific performance of a lease because appellee violated agreement not to use the premises in a manner that discredited the premises or neighborhood and that serving alcohol to minors did just that); *City of Chicago v. Clark*, 359 Ill. 374, 376 (1935) (city has police power to regulate "disorderly houses"); *City of Chicago v. Shaynin*, 258 Ill. 69, 71-72 (1913) (defining public nuisance); *City of Sterling v. Speroni*, 336 Ill. App. 590, 598-99 (1949) (if a crime is also a public nuisance, a court of equity

may abate such nuisance so as to effect a permanent remedy for the community); *Bogden v. Laswell*, 331 Ill. App. 395, 400 (1947) (selling liquor to minors violated lease provision against noxious or offensive uses).

Moreover, although underage drinking is against Illinois law and public policy, case law addressing this issue provides that it does not constitute notice of danger as a matter of law. *Davis v. Allhands*, 268 Ill. App. 3d 143, 152 (1995), citing *Mealey v. Pittman*, 202 Ill. App. 3d 771, 776 (1990). In *Mealey*, the court rejected an argument very similar to the one plaintiff advances and refused to find the tavern owner liable even though plaintiff's injury occurred on defendants' premises. *Mealey*, 202 Ill. App. 3d at 776-77. There, plaintiff, a minor, was attacked in the tavern's parking lot by another patron who was also a minor. Plaintiff alleged that minors were drinking alcohol at the tavern on the night he was attacked and that the tavern had an ongoing problem with patronage by minors. Plaintiff argued that such activity created a "condition conducive to trouble" and that, as a result, the tavern owner owed a duty to ensure plaintiff was not harmed in the tavern's parking lot. *Mealey*, 202 Ill. App. 3d at 776. The court found that it was not reasonably foreseeable that plaintiff would be attacked in the parking lot merely because the tavern illegally served alcohol to minors. *Mealey*, 202 Ill. App. 3d at 777. Consequently, the court found that defendant was under no duty to ensure plaintiff's safety while he was in the tavern's parking lot.

Considering the holding in *Mealey* and the facts in the instant case, we reject plaintiff's argument that defendants owed decedent a duty to ensure his safety after he left the tavern. Initially we note that plaintiff advances a basis for finding foreseeability akin to the one proposed and rebuffed by the court in *Mealey*, but, unlike the plaintiff in *Mealey*, plaintiff here applies this reasoning to support the imposition of liability for harm occurring beyond a tavern's boundaries— liability this court has repeatedly refused to impose. More importantly, however, plaintiff alleges neither facts that show the attack was foreseeable nor facts that establish a causal connection between underage drinking and decedent's injury. Plaintiff does not claim that decedent or decedent's attackers were intoxicated or otherwise appeared to be violent. Rather, the facts show that there was a verbal exchange between decedent's party and another party at the tavern and that Alexander instructed decedent's group to stay at the bar while requiring the other party to leave. Approximately an hour and a half after the first party left the tavern, a customer came into the tavern and informed Alexander that a fight was occurring a block away. Under these facts we conclude that defendants could not have reasonably

foreseen that underage drinking at the tavern would result in decedent's injury.

We further observe that imposing plaintiff's proposed duty would place "an unjustifiable burden on the operator and on the police force." *Fitzpatrick v. Carde Lounge, Ltd.*, 234 Ill. App. 3d 875, 879 (1992); *Lewis*, 222 Ill. App. 3d at 852; *Badillo*, 161 Ill. App. 3d at 599. Plaintiff's suggestion that the adults should have been held at the tavern to give decedent time to flee is particularly burdensome. "[I]t would require establishment owners to determine which party was the aggressor in an altercation and to detain that potentially dangerous person on the premises until the victim could flee." *Badillo*, 161 Ill. App. 3d at 599. Likewise, to find that defendants and business operators in general are required to call the police when a verbal altercation occurs or to chaperon a patron home is even more burdensome and beyond the demands of public policy. See *Fitzpatrick*, 234 Ill. App. 3d at 879; *Lewis*, 222 Ill. App. 3d at 852; *Badillo*, 161 Ill. App. 3d at 598-99. See also Restatement (Second) of Torts § 314A, Comment *c*, at 119 (1965) (a possessor of land is not under a duty to an invitee while the invitee is away from the premises).

For similar reasons, plaintiff also fails to allege a cause of action in strict liability. Even though plaintiff insists that defendants' alleged "disorderly house" constitutes an ultrahazardous activity triggering strict liability, plaintiff's authority fails to support this proposition. See *Miller*, 272 Ill. App. 3d at 270 (determined that discharge of firearms is not an ultrahazardous activity and noted that strict liability is "ordinarily reserved for abnormally dangerous activities for which no degree of care can truly provide safety"). Moreover, considering that, as a matter of law, patronage of underage persons at a tavern does not constitute notice of a dangerous condition, it follows that it cannot be an ultrahazardous or abnormally dangerous activity requiring imposition of strict liability upon tavern operators.

### B. Dismissal Pursuant to Section 2—619(a)(9) Without a Full Period of Discovery

■ Plaintiff also argues that the trial court should not have granted defendants' motion to dismiss until full discovery occurred. Plaintiff correctly asserts the proposition that "a trial court should not refuse a discovery request and grant a motion to dismiss where it reasonably appears discovery might assist the party resisting the motion." *Yuretich v. Sole*, 259 Ill. App. 3d 311, 317 (1994). Nonetheless, a trial court properly quashes a discovery request where it has before it sufficient information upon which to decide the motion to dismiss. *Yuretich*, 259 Ill. App. 3d at 317; *Tudor v. Jewel Food Stores, Inc.*, 288 Ill. App. 3d

207, 212 (1997). In the instant case, plaintiff does not claim that there could be facts that would entitle plaintiff to recover under existing law; rather, plaintiff proposes an exception to existing law. Under these circumstances and in light of defendants' uncontroverted submissions, all of which show that decedent was injured away from Danny's premises, we find that the trial court had sufficient information to grant defendants' motion to dismiss without further discovery.

## C. Denial of Leave to File Amended Complaint

■ Plaintiff also argues that the trial court erred by refusing to allow plaintiff to file its amended complaint. Although plaintiff correctly asserts that courts should freely and liberally allow parties to amend their pleadings, a party's right to amend is not absolute and unlimited. *Bidani v. Lewis*, 285 Ill. App. 3d 545, 554 (1996). The trial court has the sound discretion to allow the filing of an amended complaint and such a determination will not be reversed absent a manifest abuse of discretion. *Weisblatt v. Chicago Bar Ass'n*, 292 Ill. App. 3d 48, 51 (1997). To determine whether the trial court abused its discretion, the court considers four factors: (1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would be prejudiced or surprised by virtue of the proposed amendment; (3) whether the proposed amendment is filed timely; and (4) whether there were previous opportunities to amend the pleading. *Weisblatt*, 292 Ill. App. 3d at 51; *Bidani*, 285 Ill. App. 3d at 554. In the instant case, the first factor is dispositive; plaintiff's amended complaint allegations do not establish a cognizable claim. Thus, the trial court did not abuse its discretion by not allowing plaintiff to file its amended complaint.

Based on the above, we affirm the circuit court's dismissal of plaintiff's complaint and denial of plaintiff's motion for leave to file an amended complaint.

Affirmed.

McNULTY, P.J., and TULLY, J., concur.