2019 IL App (1st) 180939

FIRST DISTRICT
FOURTH DIVISION
July 26, 2019

No. 1-18-0939

|  |  |  |
|---|---|---|
| ARLENE ATLAS, MARSHALL ATLAS, HBZ INC., and TAFH LLC, | ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiffs-Appellants, | ) ) ) | |
| v. | ) ) | |
| MAYER HOFFMAN MCCANN, P.C., CBIZ, INC., CBIZ MHM, LLC, ROBERT WILNEFF, MARIA CRAWFORD, and JUSTIN BIAGI, | ) ) ) ) ) | No. 13 L 7057 |
| Defendants-Appellees, | ) ) | |
| (Judith Berger, | ) ) ) | Honorable Patrick J. Sherlock, |
| Defendant.) | ) | Judge Presiding. |

JUSTICE REYES delivered the judgment of the court, with opinion.
Justices Gordon and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1 Marshall Atlas (Marshall) and Arlene Atlas (Arlene), a married couple, were in the business of purchasing delinquent real estate tax certificates from local governments. Judith Berger (Berger) was their employee. Marshall and Arlene operated their business through three companies: (1) HBZ Inc. (HBZ), which was partially owned by Arlene and Berger; (2) TAFH LLC (TAFH), which was partially owned by Marshall, Arlene, and Berger; and (3) Salta Group, Inc. (Salta), which was owned solely by Marshall.

¶ 2	Berger allegedly embezzled funds from HBZ, TAFH, and Salta, which resulted in significant legal and financial difficulties for Marshall, Arlene, and their companies, including Salta's bankruptcy. Marshall, Arlene, HBZ, and TAFH (collectively plaintiffs) filed an action in the circuit court of Cook County, alleging their accountants should have discovered Berger's embezzlement. Salta was not named as a plaintiff due to its pending bankruptcy proceedings and is not a party to this appeal. The defendants were (1) Berger, and (2) plaintiffs' accountants, the "Mayer defendants." The Mayer defendants fall into three categories: (i) Mayer Hoffman McCann, P.C. (Mayer), which is the firm that contracted to perform accounting services for plaintiffs and which plaintiffs alleged is liable for its employees' acts and omissions under the theory of *respondeat superior*; (ii) CBIZ, Inc. (CBIZ) and CBIZ MHM, LLC (CBIZ MHM), which are affiliates of Mayer and which plaintiffs alleged are liable for their employees' and Mayer's acts and omissions under theories of *respondeat superior* and joint enterprise liability; and (iii) Robert Wilneff (Wilneff), Maria Crawford (Crawford), and Justin Biagi (Biagi), who are the individual accountants employed by Mayer, CBIZ, and/or CBIZ MHM, and who performed the accounting services for plaintiffs.

¶ 3	Plaintiffs appeal the order of the circuit court of Cook County dismissing their accounting malpractice claims asserted in their third amended complaint (amended complaint)—the operative complaint in this matter—against the Mayer defendants pursuant to sections 2-619(a)(5) and (9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5), (9) (West 2014)). Plaintiffs had previously appealed the circuit court's order granting the Mayer defendants' motion to dismiss the amended complaint in *Atlas v. Mayer Hoffman McCann, P.C.*, 2016 IL App (1st) 151472-U. This court dismissed the appeal for lack of appellate jurisdiction because the circuit court had dismissed only the counts in the amended complaint against the

Mayer defendants, and the two counts against Berger remained pending. *Id*. In addition, the dismissal order did not contain language sufficient to confer appellate jurisdiction pursuant to Rule 304(a). *Id*. Upon remand, plaintiffs filed a motion for leave to file a fourth amended complaint against the Mayer defendants, which the circuit court denied. The Mayer defendants then requested, and were granted, a Rule 304(a) finding as to the order dismissing the accounting malpractice claims asserted in the amended complaint.

¶ 4 On appeal, plaintiffs contend that the circuit court committed reversible error when it dismissed their accounting malpractice claims against the Mayer defendants because they: (1) are liable to plaintiffs pursuant to the Illinois Public Accounting Act (Act) (225 ILCS 450/30.1 (West 2014)); (2) failed to professionally provide all of their accounting services; and (3) improperly refuted the allegations of the amended complaint based on the exhibits attached to the motion to dismiss. Plaintiffs further argue the circuit court erred in denying them leave to file a fourth amended complaint. For the reasons that follow, we affirm.

¶ 5                                     I. BACKGROUND

¶ 6 Marshall and Arlene were in the business of purchasing delinquent real estate tax certificates, which created liens on a property, from local governments. They operated this business through their companies, HBZ, TAFH, and Salta (a non-party) (the companies). Berger was employed in an administrative capacity by the companies and did not participate in the actual running of the business.

¶ 7 The companies financed the purchase of tax certificates with bank loans, which were personally guaranteed by Marshall and Arlene. The companies would then post the tax certificates as collateral. When the homeowners finally paid their past-due taxes, the companies would redeem the tax certificates from the local governments, which would repay the companies

their purchase price, plus interest and fees. The interest and fees were in excess of the amount of interest the companies owed to the banks. The companies would then use the money to repay the banks and keep the balance as profit. The business thus involved purchasing tax certificates and pledging them as collateral for loans with which to purchase additional certificates.

¶ 8 The amended complaint set forth four counts against the Mayer defendants for: (I) violation of the Act; (II) professional negligence; (III) willful and wanton professional negligence; and (IV) breach of fiduciary duty. None of the claims asserted by plaintiffs against the Mayer defendants sounded in breach of contract. The amended complaint further set forth two counts against Berger for negligence and conversion (counts V and VI), however, these last two counts are not relevant to this appeal. The amended complaint was premised on the following allegations.

¶ 9 Since 1998, Mayer or its predecessor prepared quarterly audits for Salta and performed additional accounting work for Salta, HBZ, and TAFH, including bookkeeping and preparing financial statements, compilation reports, and tax returns. The Mayer defendants also prepared the personal income tax returns for Marshall and Arlene. In the Salta audits, the Mayer defendants consistently reported that the companies' financial statements fairly represented their financial position and were in conformity with generally accepted accounting principles (GAAP). Marshall and Arlene relied on the Salta audits—along with the financial statements and compilation reports prepared by the Mayer defendants for Salta, HBZ, and TAFH—and continued to personally guarantee the banks' loans. Unbeknownst to plaintiffs, however, for numerous years Berger had been providing the banks with duplicate tax certificates that had already been redeemed or had been used as collateral for other loans. Berger would then redeem the original tax certificates and convert the funds for her own use. As a result, the companies'

lenders called the loans and Marshall and Arlene's guarantees, seized plaintiffs' collateral, and foreclosed on Marshall and Arlene's home.

¶ 10    Plaintiffs alleged that through the Salta audits, the Mayer defendants should have identified numerous misrepresentations which were contained in the financial statements of all three companies.  The amended complaint, however, did not allege that the Mayer defendants provided auditing services to HBZ or TAFH.  According to plaintiffs, the Mayer defendants breached the following duties which plaintiffs characterized as "standard auditing procedures": (1) to compare the tax certificates to the banks' records and identify any discrepancy in the companies' records; (2) to obtain and compare evidence from various government entities regarding the tax certificates to the companies' records; (3) to determine whether the tax certificates had been redeemed or had expired; (4) to determine whether the companies returned the proceeds from the redeemed tax certificates to the lending banks; (5) to uncover potential mistakes in the companies' books; and (6) to assess the susceptibility of the companies' financial statements to fraud.  Plaintiffs alleged these duties extended to Marshall and Arlene because the Mayer defendants knew the couple relied upon the financial statements and compilation reports for the companies, as well as the Salta audits, in order to determine whether to guarantee the loans.  The amended complaint further alleged that the breach of these duties by the Mayer defendants proximately caused plaintiffs' damages.

¶ 11    Regarding Berger, plaintiffs alleged that, without their knowledge or consent, she was lining her own pockets at the expense of the plaintiffs and was "secretly acting adversely to Plaintiffs and entirely for her own purposes."  As a result of her willful and malicious conversion of the funds, plaintiffs suffered damages.  Plaintiffs further alleged that Berger had a duty to act reasonably in maintaining accurate records from the companies and that her failure to do so

proximately caused them damages. No exhibits were attached to the amended complaint.

¶ 12     The Mayer defendants filed a motion to dismiss counts I-IV of the amended complaint pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2014)). In addition to arguing that plaintiffs' allegations were insufficient and were an attempt to state a malpractice action based on auditing services for Salta, the Mayer defendants asserted a myriad of grounds for dismissal pursuant to section 2-619 of the Code. First, they contended that pursuant to section 2-619(a)(9), their liability to plaintiffs was precluded under section 450/30.1 of the Act (225 ILCS 450/30.1 (West 2014)), which provides that accountants are not liable to individuals or entities not in privity of contract with them, unless the accountant was aware the client intended for the services to benefit a third party; but if an accountant identifies any individuals who are intended to rely on the services and notifies the client and the individuals in writing, then the accountant is liable only to the client and the individuals identified. The Mayer defendants specifically asserted that plaintiffs were not in privity of contract with them as to the Salta audits, and they could not be held liable to plaintiffs for any breach of their duties related to the Salta audits because they notified Salta in writing that only Salta could rely on the audits.

¶ 13     Second, the Mayer defendants contended that pursuant to section 2-619(a)(9) of the Code, plaintiffs lacked standing to bring any claims that the Salta audits were negligently performed because such claims belonged to Salta's bankruptcy estate and plaintiffs failed to obtain approval from the bankruptcy court to bring the present action. Third, they argue that pursuant to section 2-619(a)(9), the allegations of the amended complaint were barred by the doctrines of *in pari delicto* and imputation. Finally, the Mayer defendants contended that pursuant to section 2-619(a)(5), plaintiffs' claims were barred by the statute of limitations set forth in the HBZ review contracts and the Salta auditing contracts, which stated that any claim

based on the engagements must be filed within 36 months after performance of the service.

¶ 14     In support of its motion, the Mayer defendants attached numerous exhibits, including a contract where Mayer was to provide a review of HBZ, an affidavit of Wilneff attesting to the veracity of certain invoices, and a copy of a complaint filed by The People's Bank of Arlington Heights against Mayer which plaintiffs had referenced in their amended complaint.

¶ 15     Also attached as an exhibit to the motion to dismiss was the auditing contract between Mayer and Salta, which explained what was covered by the audit.  The Salta auditing contract stated that the audit included: tests of accounting records; tests of documentary evidence supporting the transactions recorded in the accounts; tests of the physical existence of inventories; direct confirmation of certain assets and liabilities by correspondence with selected customers, creditors, and financial institutions; and examinations and tests of evidence supporting the amounts disclosed in the financial statements.  The contract further provided that the Mayer defendants would perform the audit to obtain reasonable assurance regarding whether the financial statements were free of material misstatements, whether from errors, fraudulent financial reporting, misappropriation of assets, or violations of laws or regulations that were attributable to Salta, Salta's management, or employees acting on behalf of Salta.  The Salta auditing contract additionally stated, "This engagement is being undertaken solely for the benefit of the parties to this agreement."

¶ 16     The HBZ review contract was more limited in scope and defined the extent of the Mayer defendants' review.  According to the review contract, the review in question did not contemplate: obtaining an understanding of the entity's internal control; assessing fraud risk; testing accounting records by obtaining sufficient appropriate audit evidence through inspection, observation, confirmation, or the examination of source documents (for example, cancelled

checks or bank images); and other procedures ordinarily performed in an audit. The review contract specifically stated that (1) a review does not provide assurance that the reviewer would become aware of all significant matters that would be disclosed in an audit, and (2) a review therefore provides only limited assurance that there are no material modifications that should be made to the financial statements.[1]

¶ 17    In response, plaintiffs maintained the Mayer defendants improperly contested plaintiffs' allegations by submitting evidentiary materials. They further argued section 450/30.1 of the Act did not preclude liability because the Mayer defendants knew plaintiffs relied on the Salta audit and other accounting work when they guaranteed the companies' loans. Moreover, they contended that the Mayer defendants need not identify them in writing in order for them to hold the Mayer defendants liable pursuant to section 450/30.1 of the Act. Plaintiffs additionally argued they had standing because they sustained economic injuries to a legally cognizable interest. They further maintained their claims arose from the Mayer defendants' negligent performance of all of their accounting work for plaintiffs, not merely from the Salta audit. Finally, plaintiffs argued the contractual limitations period did not apply because their claims sounded in tort, not breach of contract. Plaintiffs requested that the circuit court deny the motion to dismiss or, in the alternative, grant them leave to file a fourth amended complaint. No proposed fourth amended complaint was appended to plaintiffs' response.

¶ 18    After the matter was fully briefed and argued, the circuit court entered a written order addressing the merits of the arguments raised in the Mayer defendants' section 2-619 motion. The circuit court found the amended complaint alleged the Mayer defendants only breached the

_____

[1] On appeal, plaintiffs argue a review is "only one step below an audit" in terms of providing assurance "about whether the financial statements are in accordance with the financial reporting framework." Plaintiffs' definition of a review is consistent with the language in the HBZ review contract. Plaintiffs further acknowledge that compilations, financial statements, and bookkeeping services provide even less assurance than a review.

duties owed by an auditor, and because HBZ and TAFH were not audited and had no interest in Salta, they lacked standing to bring the instant claims. The circuit court determined Marshall and Arlene had standing pursuant to section 450/30.1 of the Act as the amended complaint alleged the Mayer defendants knew Marshall and Arlene relied on the Salta audits. The circuit court however concluded that Marshall and Arlene's claims were barred by the contractual statute of limitations, as the original complaint was filed more than 36 months after the Mayer defendants completed the Salta audit. The circuit court, however, determined that the Wilneff affidavit failed to authenticate any of the exhibits. Accordingly, the circuit court entered and continued the motion to dismiss for the Mayer defendants to file a revised affidavit.

¶ 19   The Mayer defendants thereafter filed a new affidavit from Wilneff. In a subsequent written order, the circuit court found the new affidavit complied with Illinois Supreme Court Rules 191(a) and 236, and dismissed counts I-IV of the amended complaint with prejudice. The circuit court did not rule on plaintiffs' request for leave to file a fourth amended complaint. Plaintiffs appealed, and this court found it lacked jurisdiction because the circuit court had dismissed only four of the six counts in plaintiffs' amended complaint, *i.e.*, only the counts against the Mayer defendants, and not the counts against Berger. *Atlas v. Mayer Hoffman McCann, P.C.*, 2016 IL App (1st) 151472-U. Moreover, the dismissal order did not contain language sufficient to confer appellate jurisdiction pursuant to Rule 304(a). *Id.*

¶ 20   On remand, plaintiffs filed a motion in the circuit court for leave to file a fourth amended complaint against the Mayer defendants and Berger. In the proposed fourth amended complaint, plaintiffs alleged the Mayer defendants knew that all of the plaintiffs, not just Marshall and Arlene, relied on the accounting work and defined the duties owed to them as standard "verification," "compilation," or "accounting" procedures. Plaintiffs had characterized these

9

same duties in the amended complaint as "standard auditing procedures."

¶ 21    After the matter was fully briefed, the circuit court denied plaintiffs' motion, holding that plaintiffs failed to satisfy the factors courts consider in determining whether leave should be granted as set forth in *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1998).  Several months later, the Mayer defendants filed a motion for a Rule 304(a) finding as to the circuit court's dismissal order entered nearly three years prior, which the circuit court granted.  This appeal timely followed.

¶ 22                                II. ANALYSIS

¶ 23    On appeal, plaintiffs argue the circuit court erred in granting the section 2-619.1 motion to dismiss filed by the Mayer defendants and in denying their motion for leave to file a fourth amended complaint.  We address plaintiffs' contentions in turn below.

¶ 24                           A. Motion to Dismiss

¶ 25    A motion under section 2-619.1 allows a party to combine a section 2-615 motion to dismiss based on insufficient pleadings with a section 2-619 motion to dismiss based on certain defects or defenses.  *Schloss v. Jumper*, 2014 IL App (4th) 121086, ¶ 15.  Here, the Mayer defendants' motion was granted pursuant to section 2-619 of the Code.  735 ILCS 5/2-619 (West 2014).  A section 2-619 motion to dismiss " 'admits the legal sufficiency of the complaint and raises defects, defenses or other affirmative matters, such as the untimeliness of the complaint, which appear on the face of the complaint or are established by external submissions which act to defeat the plaintiff's claim, thus enabling the court to dismiss the complaint after considering issues of law or easily proved issues of fact.' "  *MC Baldwin Financial Co. v. DiMiaggio, Rosario & Veraja, LLC*, 364 Ill. App. 3d 6, 22 (2006) (quoting *Lipinski v. Martin J. Kelly Oldsmobile, Inc.*, 325 Ill. App. 3d 1139, 1144 (2001)).

¶ 26     When ruling on a section 2-619 motion to dismiss, the court interprets all pleadings and supporting documents in the light most favorable to the nonmoving party. *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 18. We review the circuit court's ruling on a section 2-619.1 motion to dismiss *de novo*. *Schloss*, 2014 IL App (4th) 121086, ¶ 15. *De novo* consideration means we perform the same analysis that the circuit court would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011). We may affirm the judgment on any grounds found in the record, regardless of the circuit court's reasoning. *Prospect Funding Holdings, LLC v. Saulter*, 2018 IL App (1st) 171277, ¶ 23.

¶ 27     On appeal, plaintiffs contend the Mayer defendants are liable to them pursuant to section 450/30.1 of the Act because the amended complaint alleged the Mayer defendants knew that one of the primary intents of their Salta audit and their accounting work for all of the companies was to benefit plaintiffs. Plaintiffs further argue the contractual statute of limitations period does not apply because all of the plaintiffs were not parties to all of the contracts, and Marshall and Arlene were not a party to any contract. Plaintiffs additionally maintain the statutory limitations period began to run when they knew or should have known of the Mayer defendants' negligence, and they "sued as soon as they suspected Mayer negligently failed in its duties."[2]

¶ 28     In response, the Mayer defendants maintain the circuit court correctly dismissed the matter pursuant to section 2-619(a)(9) of the Code as their liability to plaintiffs is precluded under section 450/30.1 of the Act. Specifically, the Mayer defendants contend they cannot be liable to plaintiffs as their auditing contract with Salta stated the engagement was being undertaken solely for the benefit of the parties to the agreement. Because we agree with the Mayer defendants that section 450/30.1 of the Act precludes their liability, we need not address

---

[2] Plaintiffs further argue on appeal that "for the guarantees, [Marshall and Arlene's] statute of limitations began when the Companies defaulted and they become [*sic*] obligated to pay off the loans." Plaintiffs and the Mayer defendants, however, fail to provide any relevant dates regarding the statutory limitations period.

plaintiffs' assertions regarding the statute of limitations. See *Prospect Funding Holdings, LLC*, 2018 IL App (1st) 171277, ¶ 23 (we may affirm the circuit court's judgment on any basis found in the record).

¶ 29    Section 450/30.1 of the Act controls the liability of accountants to third parties not in privity of contract with them. *Freeman, Freeman and Salzman, P.C. v. Lipper*, 349 Ill. App. 3d 677, 679 (2004). The Act provides:

"No person, partnership, corporation, or other entity licensed or authorized to practice under this Act or any of its employees, partners, members, officers or shareholders shall be liable to persons not in privity of contract with such person, partnership, corporation, or other entity for civil damages resulting from acts, omissions, decisions or other conduct in connection with professional services performed by such person, partnership, corporation, or other entity, except for:

(1) such acts, omissions, decisions or conduct that constitute fraud or intentional misrepresentations, or

(2) such other acts, omissions, decisions or conduct, if such person, partnership or corporation was aware that a primary intent of the client was for the professional services to benefit or influence the particular person bringing the action; provided, however, for the purposes of this subparagraph (2), if such person, partnership, corporation, or other entity (i) identifies in writing to the client those persons who are intended to rely on the services, and (ii) sends a copy of such writing or similar statement to those persons identified in the writing or statement, then such person, partnership, corporation, or other entity or any of its employees, partners, members, officers or shareholders may be held liable only to such persons intended to so rely, in addition to those persons in privity of

contract with such person, partnership, corporation, or other entity." 225 ILCS 450/30.1 (West 2014).

Under subsections 450/30.1(2)(i)-(ii) of the Act, if a licensed accountant "identifies in writing to the client those persons who are intended to rely on the services," and "sends a copy of such writing or similar statement to those persons identified in the writing or statement," then the accountant "may be held liable only to such persons intended to so rely, in addition to those persons in privity of contract." *Id.*

¶ 30　We find the Salta auditing contract precludes liability as the Mayer defendants satisfied the writing requirement of subsections 450/30.1(2)(i) and (ii) of the Act. See *id.* Specifically, the executed Salta auditing contract stated, "This engagement is being undertaken solely for the benefit of the parties to this agreement." Because the Mayer defendants (1) indicated in writing to Salta that only Salta was intended to benefit from the audit, and (2) delivered a copy of the writing to Salta, the Mayer defendants may be held liable only to Salta regarding the Salta audit pursuant to subsections 450/30.1(2)(i) and (ii) of the Act. See *id.* Accordingly, plaintiffs' claims against the Mayer defendants were properly dismissed. See *id*; *Saulter*, 2018 IL App (1st) 171277, ¶ 23.

¶ 31　In reaching this conclusion, we acknowledge plaintiffs' contention that section 450/30.1 of the Act only applies to individuals or entities that are licensed to practice under the Act, and Mayer, CBIZ, and CBIZ MHM were not so licensed, therefore, they cannot rely on the Act to shield themselves from liability. See 225 ILCS 450/30.1 (West 2014). According to plaintiffs, only Wilneff, Crawford, and Biagi (who plaintiffs alleged were employees of Mayer, CBIZ, and CBIZ MHM), are licensed to practice under the Act.

¶ 32　Plaintiffs' contention, however, seems to ignore the fact that the amended complaint

alleged Mayer, CBIZ, and CBIZ MHM were liable for the acts of their employees under the doctrine of *respondeat superior*. A claim under *respondeat superior* requires "legal liability on the part of the employee, which is then imputed to the employer." *National Railroad Passenger Corp. v. Terracon Consultants, Inc.*, 2014 IL App (5th) 130257, ¶ 15. As we have already determined that none of the Mayer defendants are liable to plaintiffs, no liability is imputed to Mayer, CBIZ, and CBIZ MHM. See *id*. Accordingly, plaintiffs' claims against Mayer, CBIZ, and CBIZ MHM were properly dismissed. See *id*; *Saulter*, 2018 IL App (1st) 171277, ¶ 23.

¶ 33    Plaintiffs further maintain that "the Third Amended Complaint and proposed Fourth Amended Complaint alleged Mayer failed to professionally provide all its accounting services (audit, review, compilation, financial statement preparation and bookkeeping) for all the Companies, not just negligent auditing for Salta." Plaintiffs' fleeting, one-sentence argument is wholly deficient and violates Rule 341(h)(7) (eff. May 25, 2018). Rule 341(h)(7) requires that an argument "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." *Id*. "A reviewing court is entitled to have the issues clearly defined and supported by pertinent authority and cohesive arguments; it is not merely a repository into which an appellant may 'dump the burden of argument and research,' nor is it the obligation of this court to act as an advocate." *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009) (quoting *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993)). An issue not clearly defined and sufficiently presented fails to satisfy the requirements of Rule 341(h)(7) and is, therefore, forfeited. *In re Estate of Doyle*, 362 Ill. App. 3d 293, 301 (2005). Where, as here, the issue is "merely listed or included in a vague allegation of error [it] is not 'argued' and will not satisfy the requirements of the rule." *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010). Furthermore, in making their conclusory argument, plaintiffs fail to point to any specific

allegations in the amended complaint, and we can find none, regarding the Mayer defendants' negligent performance of its bookkeeping or preparation of financial statements, compilations, or reviews for any of the plaintiffs. Accordingly, plaintiffs have forfeited their claim that the amended complaint contained sufficient allegations regarding the Mayer defendants' accounting work for plaintiffs. Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018); *Vancura*, 238 Ill. 2d at 370; *Estate of Doyle*, 362 Ill. App. 3d at 301.

¶ 34 Similarly, plaintiffs contend the Mayer defendants owed them a duty to exercise professional due care while performing all of their accounting services in addition to the specific duties set forth in the parties' contracts. Yet, as discussed above, plaintiffs failed to point to any specific allegations in the amended complaint regarding the Mayer defendants' negligent bookkeeping or preparation of financial statements, compilations, and reviews. Plaintiffs' assertion that the Mayer defendants owed them a duty in performing all of their accounting services is therefore irrelevant.

¶ 35 Plaintiffs make several additional arguments assigning error to the circuit court's dismissal order. Plaintiffs contend the circuit court erred by (1) finding the Mayer defendants' duty and the scope of that duty was a matter of law, (2) finding the amended complaint attempted to impose an auditor's duties on a non-auditor, and (3) accepting as true Wilneff's "contradictory" affidavit and the allegations in a complaint filed by The People's Bank of Arlington Heights when ruling on the Mayer defendants' motion. Because we review the propriety Mayer defendants' motion to dismiss *de novo* by performing the same analysis the circuit court would perform, the circuit court's alleged errors are irrelevant to our analysis. See *Khan*, 408 Ill. App. 3d at 578.

¶ 36 Plaintiffs also contend the Mayer defendants' section 2-619 motion to dismiss and the

15

attached exhibits improperly refuted the allegations in the amended complaint. Plaintiffs fail to specify any allegations that the Mayer defendants purportedly refuted. Plaintiffs' generalized contention is severely underdeveloped in violation of Rule 341(h)(7) (eff. May 25, 2018). As we discussed above, "A reviewing court is entitled to have the issues clearly defined and supported by pertinent authority and cohesive arguments; it is not merely a repository into which an appellant may 'dump the burden of argument and research,' nor is it the obligation of this court to act as an advocate." *Lindsey*, 397 Ill. App. 3d at 459 (quoting *Obert*, 253 Ill. App. 3d at 682). An issue that is merely listed in a vague allegation of error is not argued, fails to satisfy Rule 341(h)(7), and is, therefore, forfeited. *Vancura*, 238 Ill. 2d at 370; *Estate of Doyle*, 362 Ill. App. 3d at 301. Accordingly, because plaintiffs fail to provide any argument indicating how the Mayer defendants' motion to dismiss refuted the allegations in the amended complaint, they have forfeited the claim on appeal. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018); *Vancura*, 238 Ill. 2d at 370. In sum, plaintiffs' claims against the Mayer defendants were properly dismissed because liability was precluded pursuant to section 450/30.1 of the Act. See 225 ILCS 450/30.1 (West 2014); *Saulter*, 2018 IL App (1st) 171277, ¶ 23. We therefore affirm the circuit court's order granting defendants' motion to dismiss. See *id*.

¶ 37        B. Plaintiffs' Motion for Leave to File a Fourth Amended Complaint

¶ 38    Plaintiffs also maintain that the circuit court abused its discretion when it denied them leave to file a fourth amended complaint on remand. Plaintiffs state in a conclusory fashion that the proposed fourth amended complaint was timely, cured any defects, and would not prejudice or surprise the Mayer defendants.

¶ 39    Generally, amendments should be granted liberally. *Goldberg v. Brooks*, 409 Ill. App. 3d 106, 113 (2011). A party's right to amend, however, is not absolute or unlimited. *Id*. The

decision whether to grant leave to amend a complaint rests within the sound discretion of the circuit court, and its decision will not be reversed absent an abuse of that discretion. *Wilk v. 1951 W. Dickens, Ltd.*, 297 Ill. App. 3d 258, 265 (1998). "[The circuit] court abuses its discretion if allowing the amendment furthers the ends of justice." *W.E. Erickson Construction, Inc. v. Chicago Title Insurance Co.*, 266 Ill. App. 3d 905, 911 (1994).

¶ 40    In determining whether the circuit court abused its discretion, we consider four factors: "(1) whether the proposed amendment would cure the defective pleading; (2) whether the other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified." *Loyola Academy*, 146 Ill. 2d at 273.

¶ 41    On appeal, plaintiffs fail to set forth any arguments as to how the circuit court abused its discretion in reaching its conclusions regarding any of the *Loyola Academy* factors in violation of Rule 341(h)(7).  Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018); *Vancura*, 238 Ill. 2d at 370; *Estate of Doyle*, 362 Ill. App. 3d at 301.  Nevertheless, we cannot say the circuit court abused its discretion when it denied plaintiffs leave to file the fourth amended complaint.  The proposed amendment was filed seven months after this court remanded the initial appeal and issued its mandate, and after the parties had already been litigating the matter for four years.  Plaintiffs sought to allege the Mayer defendants owed them additional duties and knew all of the plaintiffs relied on their accounting work, yet they offered no explanation for why they were adding these allegations so late in the process, especially since the facts underlying the causes of action against the Mayer defendants were known to them from the inception of the lawsuit.  See *Insurance Benefit Group, Inc. v. Guarantee Trust Life Insurance Co.*, 2017 IL App (1st) 162808, ¶ 53.

¶ 42     Importantly, plaintiffs' proposed fourth amended complaint fails to cure the defects in the third amended complaint. The proposed fourth amended complaint attempts to impose an auditor's duties on the Mayer defendants simply by characterizing "standard auditing procedures" as standard "verification," "compilation," and "accounting" procedures which plaintiffs allege the Mayer defendants should have followed during the course of their bookkeeping and preparation of financial statements and compilation reports for HBZ and TAFH. Yet the Salta auditing contract makes clear that the procedures described in the third and fourth amended complaints were, in fact, intended to be performed during the Salta audit. Further, the HBZ review contract expressly states that the review does *not contemplate* performing the procedures that are ordinarily completed during an audit. As the Mayer defendants did not audit any of the plaintiffs, we find plaintiffs' attempt to impose an auditor's duties on the Mayer defendants for their other accounting work unavailing.

¶ 43     In addition, the proposed amendments, including the allegation that the Mayer defendants knew all of the plaintiffs relied on their accounting work, fail to overcome the bar to liability set forth in section 450/30.1 of the Act, and therefore fail to cure the defective pleading. See *Loyola Academy*, 146 Ill. 2d at 273. Accordingly, we cannot find the denial of leave to amend constituted an abuse of discretion. See *Loyola Academy*, 146 Ill. 2d at 273; *Wilk*, 297 Ill. App. 3d at 265; *W.E. Erickson Construction, Inc.*, 266 Ill. App. 3d at 911.

¶ 44                                        III. CONCLUSION

¶ 45     For the reasons stated above, we affirm the circuit court's orders dismissing plaintiffs' claims against the Mayer defendants and denying plaintiffs leave to file a fourth amended complaint.

¶ 46     Affirmed.

**No. 1-18-0939**

| | |
|---|---|
| **Cite as:** | Arlene Atlas, et al. v. Mayer Hoffman McCann, P.C., et al., 2019 IL App (1st) 180939 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 13 L 7057; the Hon. Patrick J. Sherlock, Judge presiding. |
| **Attorneys for Appellants:** | John S. Xydakis, of the Law Offices of John S. Xydakis, of Chicago, for appellants. |
| **Attorneys for Appellees:** | Kimberly E. Blair, Joseph J. Stafford, and Adam T. Ernette, of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, of Chicago, for appellees. |