2025 IL App (4th) 240614-U

NO. 4-24-0614

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

FILED
October 6, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| JAMES E. RODGERS, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| J.B. PRITZKER, in His Official Capacity as Governor of | ) | No. 23MR313 |
| the State of Illinois; LATOYA HUGHES, in Her Official | ) | |
| Capacity as Acting Director of the Department of | ) | |
| Corrections; and DANIEL MONTI, in His Official | ) | Honorable |
| Capacity as Warden of Centralia Correctional Center, | ) | Christopher G. Perrin, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Zenoff and Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding the circuit court did not err in dismissing plaintiff's complaint.

¶ 2    Plaintiff, James E. Rodgers, an inmate in the custody of the Department of Corrections (Department) housed at Centralia Correctional Center (Centralia), filed a *pro se* complaint against defendants, J.B. Pritzker, in his official capacity as governor of the state of Illinois, Latoya Hughes, in her official capacity as acting director of the Department, and Daniel Monti, in his official capacity as warden of Centralia. On the motion of defendants, the circuit court dismissed plaintiff's complaint, finding it failed to state a claim upon which relief could be granted. Plaintiff appeals, arguing this court should vacate the circuit court's dismissal and remand for further proceedings because his complaint states a claim for a violation of his "[c]onstitutional right to safe and equitable access to telephone[s]." For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4            In September 2023, plaintiff filed his *pro se* complaint against defendants. In relevant part, plaintiff alleged "[a] small group" of inmates at Centralia, most of whom are gang-affiliated, "exert[ ] dominance (by actual or implied violence) over" other inmates as it relates to telephone use. The prison staff "turn[ ] a blind eye" to this practice. While plaintiff maintains "semi-regular" use of the telephones by providing legal assistance to fellow inmates, inmate-controlled telephone access creates "a zone of danger and an unreasonable risk of injury/harm" to plaintiff, who is older and has underlying health issues. Plaintiff launched a letter and grievance campaign informing defendants of, among other things, the dangers of telephone access being controlled by inmates. The letters and grievances resulted in no changes. Based upon these allegations, plaintiff asserted his federal and state constitutional rights to safe prison conditions and equal treatment were violated. Plaintiff sought preliminary and permanent injunctive relief.

¶ 5            In November 2023, defendants filed a motion to dismiss plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2022)). With respect to the alleged claims under the federal constitution, defendants agued plaintiff failed to state a claim because he had not alleged a serious deprivation under the eighth amendment of the United States Constitution (U.S. Const., amend. VIII) or unequal treatment under the fourteenth amendment of the United States Constitution (U.S. Const., amend. XIV).

¶ 6            In December 2023, plaintiff filed a response to defendants' motion to dismiss. As to his alleged claims under the federal constitution, plaintiff maintained the practice of allowing inmates to control telephone access subjected him to an unreasonable risk of harm and denied him equitable access to telephones. Plaintiff argued the circuit court should deny the motion to dismiss and grant him a preliminary injunction.

¶ 7        In February 2024, the circuit court held a hearing on defendants' motion to dismiss plaintiff's complaint. The record does not contain transcripts, a bystander's report, or an agreed-upon statement of facts related to the hearing. The court granted defendants' motion and dismissed with prejudice plaintiff's complaint.

¶ 8        This appeal followed.

¶ 9                                II. ANALYSIS

¶ 10        On appeal, plaintiff, proceeding *pro se*, argues this court should vacate the circuit court's dismissal and remand for further proceedings because his complaint states a claim for a violation of his "[c]onstitutional right to safe and equitable access to telephone[s]." Defendants disagree.

¶ 11                        A. Standard of Review

¶ 12        The circuit court dismissed plaintiff's complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615(a) (West 2022)), finding it failed to state a claim upon which relief could be granted. See *Duane v. Hardy*, 2012 IL App (3d) 110845, ¶ 10 ("A motion to dismiss under section 2-615 *** is proper when the complaint fails to state a claim on which relief can be granted."). A court's dismissal pursuant to section 2-615 is subject to *de novo* review. *Roberts v. Board of Trustees of Community College District No. 508*, 2019 IL 123594, ¶ 21. A complaint should not be dismissed under section 2-615 "unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recover." *Id.* In making this determination, we "must take as true all well-pled allegations of fact contained in the complaint and exhibits attached thereto." *Beahringer v. Page*, 204 Ill. 2d 363, 365 (2003).

¶ 13                        B. Plaintiff's Argument

¶ 14        Defendants initially raise issues with the argument presented by plaintiff on appeal.

Defendants assert plaintiff has forfeited any challenge to the dismissal of his state constitutional claims by failing to raise those issues in his opening brief. Defendants also assert plaintiff has erroneously framed his appellate argument around the elements to obtain a preliminary injunction under state law. Defendants ultimately construe plaintiff's argument as asserting that two claims should have survived dismissal and then explain why those claims were appropriately dismissed. Plaintiff has not filed a reply brief to address these issues or clarify his argument.

¶ 15        "As a reviewing court, we are entitled to have the issues clearly defined, relevant authority cited, and proper legal arguments presented." *Walker v. Shults Auto Sales, Inc.*, 2025 IL App (2d) 240459, ¶ 43. Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020) sets forth specific requirements of an appellant's brief. A *pro se* litigant is bound to comply with the requirements of Rule 341(h) to the same extent as litigants represented by counsel. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32. "An issue not clearly defined and sufficiently presented fails to satisfy the requirements of [Rule 341(h)] and is, therefore, forfeited." *Atlas v. Mayer Hoffman McCann, P.C.*, 2019 IL App (1st) 180939, ¶ 33.

¶ 16        In this case, plaintiff fails to present this court with clearly defined issues and proper legal arguments. To begin with, while plaintiff acknowledges the primary issue before this court is whether the circuit court erred in dismissing his complaint, he then proceeds by erroneously framing his argument on appeal around the elements to obtain a preliminary injunction under state law. This approach, in turn, has led to a lack of clarity as to the specific grounds upon which plaintiff believes his complaint states a viable claim. While we could end our review on forfeiture grounds, we will address plaintiff's argument as best we can.

¶ 17                    C. Eighth Amendment Claim

¶ 18        Plaintiff seemingly suggests his complaint should not have been dismissed because

- 4 -

it states a claim for a violation of his right to safe prison conditions under the eighth amendment (U.S. Const., amend. VIII). He appears to base his claim upon his allegation that inmates are controlling telephone access with the threat of physical attack.

¶ 19 "The conditions under which an inmate is confined and the treatment he receives in prison are subject to the eighth amendment's proscriptions against cruel and unusual punishment." *Kucinsky v. Pfister*, 2020 IL App (3d) 170719, ¶ 95 (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Prison officials must take steps to ensure humane conditions for prisoners, which includes taking reasonable steps to guarantee their safety. *Id.* To establish a violation of the eighth amendment's prohibition against cruel and unusual punishment, there must be, among other things, "an objective showing that the alleged deprivations were sufficiently serious in that the conditions denied the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health or safety." (Internal quotation marks omitted.) *Id.* ¶ 96.

¶ 20 In this case, plaintiff has not alleged any facts that, if true, would make the requisite showing of a sufficiently serious prison condition to support a violation of his eighth amendment rights. While plaintiff alleged inmates are controlling telephone access with threat of physical attack, he does not make any allegations suggesting he has been threatened or physically attacked. In fact, he alleges he has been able to maintain "semi-regular" telephone use. Plaintiff's allegation that he could face a risk of serious harm at some point in the future is, without more, mere speculation, which is insufficient to support a claim for relief. Absent allegations to make the requisite objective showing, plaintiff has not stated a claim for a violation of his right to safe prison conditions under the eighth amendment.

¶ 21 D. Fourteenth Amendment Claim

¶ 22 Plaintiff also seemingly suggests his complaint should not have been dismissed

because it states a claim for a violation of his right to equal treatment under the fourteenth amendment (U.S. Const., amend. XIV). He appears to base his claim upon his allegation that prison staff are turning a blind eye to inmates controlling telephone access.

¶ 23    "In the prison context, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest." *May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000). To establish a violation of the fourteenth amendment's prohibition against unequal treatment, a plaintiff must show, among other things, " 'a decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.' " *Dempsey v. Johnson*, 2016 IL App (1st) 153377, ¶ 31 (quoting *Nabozny v. Podlesny*, 92 F.3d 446, 454 (7th Cir. 1996)).

¶ 24    In this case, plaintiff has not alleged any facts that, if true, would make the requisite showing of unequal treatment by defendants to support a violation of his fourteenth-amendment rights. While plaintiff alleged some inmates received more telephone access than others due to the prison staff turning a blind eye to inmates controlling telephone access, he does not allege any prison official, let alone defendants, applied policies to one inmate differently than another. Absent allegations to make the requisite showing of unequal treatment by defendants, plaintiff has not stated a claim for a violation of his right to equal treatment under the fourteenth amendment.

¶ 25                                III. CONCLUSION

¶ 26    For the reasons stated, we conclude the circuit court did not err in dismissing plaintiff's complaint and, therefore, affirm its judgment.

¶ 27    Affirmed.