THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BERNARD WILLIAMS, Defendant-Appellant.

First District (3rd Division)　No. 1—88—1658

Opinion filed December 30, 1992.

Rita A. Fry, Public Defender, of Chicago (Emily Eisner, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and Robyn Berman, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Defendant, Bernard Williams, was convicted of burglary (Ill. Rev. Stat. 1987, ch. 38, par. 19—1) in a jury trial and sentenced to 14 years' imprisonment. On appeal, defendant contends that (1) the trial court committed reversible error when it permitted the State to elicit testimony about the contents of a police inventory report; (2) the trial court erred when it permitted an unqualified witness to testify as an expert witness; (3) the trial court erred when it permitted impeachment on a collateral matter during cross-examination of Detective Si-

lacz; (4) the trial court erred when it permitted rebuttal testimony that did not rebut any matter elicited by defendant; and (5) the State failed to prove defendant guilty of burglary beyond a reasonable doubt. We reverse and remand.

At approximately 5:15 a.m. on March 4, 1987, Cicero police detective Edward Silacz discovered a shattered glass door at the Submarine Brothers Restaurant in Cicero, Illinois. Detective Silacz radioed Cicero police dispatch of a possible burglary and exited his vehicle to investigate. As he approached the broken door, Detective Silacz saw the silhouette of a man inside the restaurant. Detective Silacz identified himself as a police officer and ordered the offender, defendant, to halt. Defendant fled, and Detective Silacz gave chase. Other Cicero police officers arrived on the scene and defendant was quickly apprehended. Following a jury trial, defendant was found guilty of burglary. At the sentencing hearing, the trial court determined that defendant had previously been convicted of three prior Class 2 felonies and sentenced him to 14 years' imprisonment as a Class X offender. This appeal followed.

■ Defendant first argues that the trial court committed reversible error when it permitted the State to elicit testimony from Detective Silacz about the contents of a police inventory report. We agree. While it is true that police reports may be used for impeachment or refreshing a witness' recollection, it is well settled that police reports are inadmissible hearsay not subject to any recognized exception to the hearsay rule. (See *People v. Garrett* (1991), 216 Ill. App. 3d 348, 357, 576 N.E.2d 331, 338; *People v. Gagliani* (1991), 210 Ill. App. 3d 617, 629, 569 N.E.2d 534, 542.) The State argues that the police report was not used as substantive evidence, but rather that it was used pursuant to the doctrine of curative admissibility to eradicate an unfair prejudice that resulted after defense counsel referred to the report during Detective Silacz's cross-examination. The record, however, does not support the State's explanation.

■ Our review of the record here reveals that the police inventory report was not used, as the State argues, to rehabilitate Detective Silacz after defense counsel attempted to discredit him on cross-examination. Rather, it is plain that the contents of the police report were used as substantive evidence on the issue of identification to show that the clothes worn by defendant at the time of his arrest matched the description of the clothes worn by the offender seen by Detective Silacz burglarizing the restaurant. We will not permit the State, under the guise of the doctrine of curative admissibility, to violate the rules of evidence under the rationale of neutralizing an infer-

ence which is favorable to the accused. We also find that the State's use of this hearsay evidence is highly prejudicial, and not merely harmless error.

Accordingly, defendant's conviction for burglary is reversed. Because, however, we find there is sufficient evidence with which to support defendant's conviction, we remand this case for a new trial. (See *People v. St. Pierre* (1988), 122 Ill. 2d 95, 115-16, 522 N.E.2d 61, 69.) Having determined that defendant is entitled to a new trial, it is therefore unnecessary to address his other contentions.

Reversed and remanded.

TULLY and CERDA, JJ., concur.