THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHERYL NATHAN, Defendant-Appellant.

Fourth District   No. 4—95—0206

Opinion filed July 26, 1996.

Daniel D. Yuhas and Duane E. Schuster, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In January 1995, a jury convicted defendant, Cheryl Nathan, of one count of aggravated battery on a correctional officer (720 ILCS 5/12—4(b)(6) (West 1992)), and the trial court later sentenced her to three years in prison. Defendant appeals, arguing that the trial court committed plain error by permitting the State to amend the indictment. We affirm.

## I. BACKGROUND

Count I of the indictment charged defendant with aggravated battery on a correctional officer "in that *** defendant, in committing a battery, *** without legal justification knowingly caused bodily harm to Robert Raines, in that she struck [him] about his face." Count II of the indictment charged defendant with aggravated battery on a correctional officer "in that [she], in committing a battery, *** made physical contact of an insulting or provoking nature with [the officer], in that she struck [him] about his face."

At trial, correctional officer Raines and defendant both testified that defendant struck Raines in the face, spit on him, and bit his hand. However, defendant testified that she struck Raines accidentally, and she spit on him only after he hit her, and bit him only after he choked her. At the close of all evidence, the trial court permitted the State to amend both counts of the indictment to conform to the evidence. In the first count, the phrase "and bit him on his hand" was added after the word "face"; in the second count, the phrase "bit him on his hand, and spit upon his face" was added after the word "face."

## II. ANALYSIS

■ Although defendant argues that the trial court erred by permitting the State to amend the indictment (because such amendments were substantive), she acknowledges that she made no objection at the time the court did so, nor did she raise this issue in a posttrial motion. Thus, defendant concedes that this court can review her claim of error only if we conclude that the alleged error amounts to plain error under Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)). We conclude that the circumstances of this case fall far short of constituting plain error.

In *People v. Keene*, 169 Ill. 2d 1, 17, 660 N.E.2d 901, 909-10 (1995), the supreme court held that plain error is

> "marked by 'fundamental [un]fairness' [which] occurs only in situations which 'reveal breakdowns in the adversary system,' as distinguished from 'typical trial mistakes.' [Citation.] Put differently, what must be affected by the asserted error must be something 'fundamental to the integrity of the judicial process.' [Citation.] Essentially, the fairness of the trial must be undermined."

■ Not only do we conclude that the trial court's grant of the State's motion to amend the indictment does not constitute plain error, we hold that it does not constitute any error at all. An indictment may not be broadened nor a material element of the offense altered by amendment except by the grand jury. *People v. Glass*, 232 Ill. App. 3d 136, 147, 597 N.E.2d 660, 668 (1992). However, an indictment may be amended at any time, pursuant to section 111—5 of the Code of Criminal Procedure of 1963, when the defect in the charge is a matter of form. 725 ILCS 5/111—5 (West 1992); *People v. Griggs*, 152 Ill. 2d 1, 32, 604 N.E.2d 257, 271 (1992). In *People v. Coleman*, 49 Ill. 2d 565, 567, 276 N.E.2d 721, 722 (1971), a murder case, the indictment originally alleged that the defendant stabbed the deceased. During the presentation of the State's case, the trial court permitted the State to amend the indictment by adding, alternatively, that the defendant asphyxiated the deceased with a bedsheet or blanket. On appeal, the defendant argued that the trial court erred by permitting the amendment, but the supreme court held that the means or manner by which an offense is committed is generally a formal part of the indictment which can be amended. The court explained as follows:

> "The gist of the offense with which the defendant was charged *** was the overt act of intentionally taking the life of his wife. Of this[,] the defendant was adequately informed by the indictment. He could not claim that the allegations of the amendment as to the means of taking her life have taken him by surprise ***. ***

\*\*\*

\*\*\* The defendant was charged with the murder of his wife in the manner prescribed in the [Criminal] Code [of 1961]. We hold that the allegation of the means used to accomplish her death was not essential but was a formal part of the indictment which could be amended \*\*\*." *Coleman,* 49 Ill. 2d at 570-71, 276 N.E.2d at 724. See also *People v. McKendrick,* 138 Ill. App. 3d 1018, 1027, 486 N.E.2d 1297, 1303-04 (1985).

We agree with the State that, in this case, the amendments to the indictment were formal in nature and permissible because they merely changed the *manner* in which defendant committed the offense. The State did not alter any essential element of the indictment nor broaden its scope nor change the offense with which defendant was charged. The particular details of the means defendant allegedly used do not constitute essential elements of the offense of aggravated battery. See 720 ILCS 5/12—4(b)(6) (West 1992). Thus, the indictment properly charged defendant with two counts of aggravated battery on a correctional officer as set forth in section 12—4(b)(6) of the Criminal Code of 1961, and the amendments merely added other means by which defendant committed the offense.

To the extent defendant wanted to know more details of the charge—and wanted to confine the State's evidence to those details—she could have filed a request for a bill of particulars. See 725 ILCS 5/111—6, 114—2 (West 1992); *People v. DiLorenzo,* 169 Ill. 2d 318, 324, 662 N.E.2d 412, 414 (1996). Accepting defendant's argument would in effect hold that every indictment discussing the manner by which an offense was committed necessarily incorporated within itself a bill of particulars, limiting the State's evidence accordingly. We decline to so hold.

■ In support of our conclusion, we note that the amendments to the indictment in no way altered how the trial court instructed the jury regarding the offense of aggravated battery, again demonstrating that the particular manner in which defendant allegedly committed that offense does not constitute an element thereof. Neither the definition instruction for aggravated battery (Illinois Pattern Jury Instructions, Criminal, No. 11.15 (3d ed. Supp. 1996) (hereafter IPI Criminal 3d (Supp. 1996)) nor the issues instruction (IPI Criminal 3d No. 11.16 (Supp. 1996)) provides that the trial court instruct the jury on the manner by which defendant allegedly committed the offense.

■ We also note that amending the indictment was not necessary for defendant to be convicted in this case. Only where the means used to commit an offense are essential parts of the offense must they be averred. *Coleman,* 49 Ill. 2d at 571, 276 N.E.2d at 724 (where the

supreme court cited as an example the crime of assault with a deadly weapon); see also *People v. Mullinax*, 67 Ill. App. 3d 936, 941, 384 N.E.2d 1372, 1376 (1979) (where this court held that allegations in an information regarding "the precise manner in which the defendant took a substantial step towards the commission of the crime [of attempted murder], were surplusage" (emphasis omitted)).

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

GREEN and GARMAN, JJ., concur.