2025 IL App (1st) 241072-U

No. 1-24-1072

Order filed September 24, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 MC1 191570 |
| | ) | |
| MAXIM CROWLEY, | ) | Honorable |
| | ) | Clarence L. Burch, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Justices Lampkin and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:   In this *pro se* appeal, defendant's challenge to the sufficiency of the evidence fails where he was proved guilty of battery and criminal damage to property beyond a reasonable doubt. The remainder of defendant's claims on appeal are forfeited due to his failure to make contemporaneous objections, file a posttrial motion, and/or comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020) regarding the contents of the appellant's brief.

¶ 2    Following a jury trial during which he represented himself, defendant Maxim Crowley was

found guilty of battery (720 ILCS 5/12-3(a)(2) (West 2022)) and criminal damage to property (720

ILCS 5/21-1(a)(1) (West 2022)) and sentenced to two years of probation. Defendant appeals *pro se*, raising challenges to the sufficiency of the evidence and nine other issues. Where defendant's challenge to the sufficiency of the evidence fails and the remainder of his claims are forfeited, we affirm.

¶ 3 Defendant's convictions arose from events of February 24, 2023. Following his arrest, he was charged via two misdemeanor complaints with battery and criminal damage to property. The battery charge initially cited subsection (a)(1) of the relevant statute and alleged that defendant caused bodily harm to Samuel Valdivia-Navarro in that defendant "reached into Samuel Valdivia-Navarro's vehicle and struck him three times in the face causin[g] pain to his left side of the face." See 720 ILCS 5/12-3(a)(1) (West 2022). The criminal damage to property charge alleged that defendant knowingly damaged Valdivia-Navarro's vehicle by ripping off its turn signal handle. See 720 ILCS 5/21-1(a)(1) (West 2022).

¶ 4 The half-sheet for May 10, 2023, states that defendant refused the assistance of the office of the Public Defender of Cook County. Half-sheets from subsequent dates show that the case was continued a number of times.

¶ 5 On April 12, 2024, defendant filed a motion for disclosure of discovery and a motion for a bill of particulars.

¶ 6 When the case was called for trial on April 16, 2024, the State informed the trial court that, while the "file" indicated that the battery charge had been amended to charge defendant based on subsection (a)(2) of the statute, such an amendment did not appear on the face of the complaint. The court allowed the State to hand-write alterations on the complaint, changing the statutory citation from subsection (a)(1) to subsection (a)(2) and changing the allegation that defendant

caused bodily harm to an allegation that he made physical contact of an insulting or provoking nature in that he "reached into Samuel Valdivia-Navarro's vehicle and struck him in the face." See 720 ILCS 5/12-3(a)(1), (a)(2) (West 2022)).

¶ 7     At the court's direction, the State showed defendant the altered complaint. The court asked defendant if he objected to the amendment. Defendant answered, "I do. I was going to motion to have it amended back to [(a)(1)]." When the court asked why, defendant answered, "I just don't know this individual, first and foremost. Secondary, it kind of complicates my defense." The State argued that the proposed amendment did not "change the facts" and that defendant had been on notice of the allegations. Defendant responded, "All I can say is I don't know the guy." The court granted the State leave to amend the complaint.

¶ 8     The court next addressed pretrial motions, starting with defendant's motion for a bill of particulars. The court explained to defendant that a bill of particulars is the "who, what, when, and where" of a case and asked whether he had that information. Defendant acknowledged that he knew the name of the complaining witness and the location of the incident. He also acknowledged having received police and case reports and "body-worn camera" during discovery. However, he stated he had not received the complaining witness's "original testimony" from "the preliminary hearing when he testified in court." The trial court asked whether a preliminary hearing occurred, and the State responded that it did not believe so, as "this is a misdemeanor case" and no records showed that the complaining witness had "spoken at all in this matter." Noting that the State had given defendant "everything they had," the court denied defendant's motion for a bill of particulars.

¶ 9       Next, the court addressed defendant's motion for disclosure of discovery, in which he had requested a list of witnesses and "verbatim reports regarding any statements made by complainant and witnesses." The court dismissed the motion, noting that the State had provided defendant "everything they had." Third, the court addressed defendant's motion *in limine* to exclude "certain evidence." The motion is not included in the record on appeal. When the court asked defendant to argue the motion, defendant stated he had not "received any summary of any sort of substance as to the usage of the criminal history report." The State explained that, during discovery, it had provided defendant with a copy of his own criminal history report, and that the State was not seeking to admit the report at trial. The court denied defendant's motion. Finally, the court addressed the State's motion *in limine*, which was resolved mostly by agreement.

¶ 10      At trial, Samuel Valdivia-Navarro testified through an interpreter that around 10 p.m. on February 24, 2023, he finished working at a restaurant. It was dark and was snowing "a lot." He entered his vehicle and began to exit the parking lot onto Milwaukee Avenue, stopping for pedestrians on the sidewalk. Two pedestrians walked past before a third, whom Valdivia-Navarro identified in court as defendant, raised his hands, gestured, and banged his fists "aggressively" on the vehicle.

¶ 11      Valdivia-Navarro lowered his window. Defendant reached into the vehicle and punched Valdivia-Navarro "all over [his] face and all over [his] body." Valdivia-Navarro asked defendant to stop and leave him alone, but defendant continued to hit him. Defendant grabbed the turn signal lever, broke it off, threw it at Valdivia-Navarro, and walked away.

¶ 12      Valdivia-Navarro called the police and signed complaints. He also took photographs of his broken turn signal lever, which were admitted into evidence and published without objection. He

stated that, during the incident, he was in shock and "really afraid." He explained that he still suffers from anxiety that someone will approach him and hit him, and that he now drives "even more cautiously."

¶ 13    On cross-examination, Valdivia-Navarro agreed that he did not know defendant prior to the incident. While exiting the parking lot, Valdivia-Navarro stopped behind a speed bump with a stop sign to let pedestrians pass on the sidewalk. Valdivia-Navarro did not see defendant at first because of the snowstorm but then noticed defendant when he raised his hands.

¶ 14    Defendant attempted to question Valdivia-Navarro about a police report as follows:

"Q. It says in the police report—

[ASSISTANT STATE'S ATTORNEY]: Objection as to reading from the police report.

THE COURT: Sustained as to—if you plan to impeach him, you've got to ask a predicate question. You can't ask questions like that.

THE DEFENDANT: Nothing further."

¶ 15    After the State rested, the following exchange ensued:

"THE COURT: Defense, you may present your case.

THE DEFENDANT: The police report—

[ASSISTANT STATE'S ATTORNEY]: Objection as to reading from the police report.

THE COURT: Do you wish to present a defense?

THE DEFENDANT: Yes."

¶ 16     Following this exchange, defendant was sworn as a witness and the court informed him he could tell the jury his version of what took place.

¶ 17     Defendant testified that Valdivia-Navarro's vehicle was in the middle of the sidewalk and had snow on the window. After defendant passed the vehicle, he heard a vehicle door slam behind him. When defendant turned toward the sound, Valdivia-Navarro sprayed him with pepper spray. Valdivia-Navarro then chased defendant as he ran and ducked behind vehicles. Eventually, Valdivia-Navarro ran into the middle of the street and flagged a police officer, who stopped defendant.

¶ 18     On cross-examination, defendant, among other things, answered the following questions:

"Q. Okay. And at some point you arrived at the red Hyundai Tucson driver's window; correct?

A. Yes.

Q. Okay. So you're at that window and you reach in and you punch Mr. Navarro repeatedly; right?

A. I struck him, yes.

Q. And after you struck him, you proceeded to grab his turn signal and rip it out?

A. No, it was not after. It was simultaneous."

¶ 19     In closing, the State reviewed the evidence and asserted that it had proved both charged crimes beyond a reasonable doubt. Defendant argued that there were "many inconsistencies" in Valdivia-Navarro's testimony. He maintained that Valdivia-Navarro was driving unsafely because he had snow "all over his window," that he endangered defendant, and that, when Valdivia-Navarro lowered his window and started screaming, defendant felt threatened and "reacted."

¶ 20    The trial court then conducted a jury instruction conference. First, it reviewed the State's proposed instructions. Defendant's objections to two instructions were overruled: an instruction stating that defendant was charged with criminal damage to property and had pleaded not guilty, and an instruction stating that a person commits battery when he knowingly and by any means makes physical contact of an insulting and provoking nature with another person. Defendant had no objection to the State's other instructions. The State tendered a clean copy of the instructions to the trial court.

¶ 21    The trial court then addressed defendant's proposed instructions. The court did not accept the first proposed instruction, regarding witnesses' degree of attentiveness, as misidentification was not alleged. It did not accept the second, regarding wantonness, because that was not an issue for the jury. It did not accept the third, defining when a person acts intentionally; the fourth, defining when a person acts recklessly; the fifth, which recited a civil law standard as to the burden of proof; or the sixth, regarding a driver's duty to exercise due care to avoid colliding with pedestrians. Finally, the court noted that defendant's last proposed instruction, stating that the law does not say what a reasonable person would find insulting or provoking, had already been provided by the State.

¶ 22    Following the conference, the trial court read the instructions to the jurors and explained how and where to sign the verdict forms. After deliberations, the jury foreperson informed the court that the jury had arrived at a verdict and handed the verdict forms to the sheriff. The clerk then read aloud the jury's verdict finding defendant guilty of battery and criminal damage to property. Defendant did not file a posttrial motion.

¶ 23    The matter immediately proceeded to sentencing, where the court imposed two years of probation with anger management classes.

¶ 24    Defendant filed a timely notice of appeal.

¶ 25    In his *pro se* appellate brief, defendant has presented 10 contentions in a bullet-point list. As a threshold matter, his brief fails to comply with the supreme court rules governing appellate briefs. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) (made applicable to criminal cases by Illinois Supreme Court Rule 612(b)(9) (eff. July 1, 2017)) requires that an appellant's brief contain reasoned argument supported by citations to the authorities and the pages of the record relied on. We are entitled, as a reviewing court, to have the issues on appeal clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5. "The appellate court is not a depository in which the appellant may dump the burden of argument and research." *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986).

¶ 26    An appellant's *pro se* status does not relieve him of the obligation to comply with Rule 341. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7. "An issue that is merely listed or included in a vague allegation of error is not 'argued' and will not satisfy the requirements of the rule." *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010). Moreover, even if an issue is developed beyond a mere list or vague allegation, it may nevertheless be insufficient if it does not include citations to authority. *Id.* As such, an issue is forfeited under Rule 341(h) if it is not clearly defined and sufficiently presented (*Atlas v. Mayer Hoffman McCann, P.C.*, 2019 IL App (1st) 180939, ¶ 33) or if it is not supported by citations to authority (*Vilardo v. Barrington Community School District 220*, 406 Ill. App. 3d 713, 720 (2010)).

¶ 27   That said, the State maintains that defendant has forfeited all but one of his claims on appeal—*i.e.*, his challenge to the sufficiency of the evidence—by failing to file a posttrial motion and/or by failing to adequately present his claims in his appellate brief. In his reply brief, defendant asserts that the State's position as to plain error is "invalid" and argues for application of the plain error doctrine to his appeal. See *People v. Ramsey*, 239 Ill. 2d 342, 412 (2010) (a defendant may raise plain error for the first time in a reply brief).

¶ 28   In general, to preserve an error for appellate review, a defendant must object to the error at trial and raise the error in a posttrial motion. *People v. Williams*, 2022 IL 126918, ¶ 48. If a defendant fails to both object at trial and file a posttrial motion, appellate review is limited to (1) constitutional issues which have properly been raised at trial and which can be raised later in a postconviction petition, (2) challenges to the sufficiency of the evidence, and (3) issues of plain error. *People v. McDonald*, 2016 IL 118882, ¶ 45.

¶ 29   Under the plain error doctrine, a reviewing court may consider an unpreserved error when (1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). However, before a reviewing court may consider application of the plain error doctrine, it must determine whether any clear or obvious error occurred. *People v. Reese*, 2017 IL 120011, ¶ 60. This is because " 'without error, there can be no plain error.' " *People v. Wooden*, 2014 IL App (1st) 130907, ¶ 10 (quoting *People v. Smith*, 372 Ill. App. 3d 179, 181 (2007)).

¶ 30 As mentioned, defendant raises 10 contentions on appeal. We address defendant's claims in order, and, to the extent the claims are discernable, determine whether they are forfeited for appellate review.

¶ 31 First, defendant contends he was not "provided resources to substantiate justice" in that he was not informed of his "rights in regard to communicating with the clerk." This vague allegation, with no citation to the record or legal authority, does not satisfy the requirements of Rule 341(h). The contention is forfeited. See *Atlas*, 2019 IL App (1st) 180939, ¶ 36 (underdeveloped, generalized contention did not conform with Rule 341(h) and was forfeited for appeal).

¶ 32 Second, defendant contends that the trial court erred by holding the preliminary hearing over Zoom and not allowing him "to be a part of the procedure" or "to hear verbatim statements presented to the court by the complaining witness." He states that he "objected to the procedure during the preliminary court hearing," but that Valdivia-Navarro was allowed to testify without defendant being present. He also alleges that "[w]hen the sheriff called to have the complainant identify the defendant, the defendant objected." This contention is not supported by any citations to the record or legal authority and, as a result, is forfeited. See *In re D.S.*, 2025 IL App (1st) 241635, ¶ 49 (contention was forfeited for appeal where appellant cited no authority and his only citations to the record were not relevant).

¶ 33 Moreover, contrary to defendant's argument, it does not appear from the record that a preliminary hearing was held. Defendant was charged via criminal complaint with two misdemeanors. Neither the Illinois Constitution nor the Criminal Code of 2012 requires the State to demonstrate probable cause at a preliminary hearing when it is prosecuting a misdemeanor that was charged in a criminal complaint. *People v. Atchison*, 2019 IL App (3d) 180183, ¶ 34. When,

during the parties' discussion of pretrial motions, defendant mentioned a "preliminary hearing," the trial court interjected, asking whether a preliminary hearing had been held. The State responded that it did not believe so, as "this is a misdemeanor case" and no records showed that the complaining witness had "spoken at all in this matter." Consistent with the lack of a requirement for a preliminary hearing and the preceding colloquy, no transcript of a preliminary hearing is included in the record on appeal. As such, the record does not substantiate defendant's claim of error and the plain error doctrine does not apply. See *People v. Rebecca*, 2012 IL App (2d) 091259, ¶ 92 (rejecting a claim of plain error where the record did not support the factual basis for the defendant's argument).

¶ 34    Third, defendant contends that "Upon original testimony the defendant was objecting to the procedure and was overruled when the judge demanded that the defendant come back with an attorney." He argues that the trial court abused its discretion by not hearing "what the objections to the procedural due process were." This allegation is vague and includes no citations to the record or legal authority and, therefore, does not satisfy the requirements of Rule 341(h). As such, the contention is forfeited. See *Atlas*, 2019 IL App (1st) 180939, ¶ 36.

¶ 35    Fourth, defendant contends that he requested his "file verbatim from the prosecution including information and memoranda," but was "[g]iven no knowledgeable access to legal information or the clerk of court." Again, this vague allegation, with no citations to the record or legal authority, fails to satisfy Rule 341(h) and is, therefore, forfeited. *Id.*

¶ 36    Moreover, to the extent that defendant may be alleging that the State did not tender relevant discovery materials to him, the record contradicts his claim. During the discussion of defendant's pretrial motions, the State indicated that it had provided defendant with a copy of his own criminal

history report and defendant acknowledged having received police and case reports and "body-worn camera" during discovery. We cannot find that a clear and obvious error occurred. As such, the plain error doctrine does not override defendant's failure to raise the issue in a posttrial motion and the issue remains forfeited. See *People v. Aquisto*, 2022 IL App (4th) 200081, ¶ 4.

¶ 37   Fifth, defendant contends that the trial court abused its discretion in allowing the complaint to be amended outside of his presence, that he had no ability to object to a potential ruling on a motion to amend, and that he never received a copy of a ruling on any motion to amend.

¶ 38   Contrary to defendant's claims, the record shows he was present when the complaint was amended, he was shown a written copy of the amended complaint, and he objected. Specifically, on the day of trial, the State informed the court that, although the "file" indicated the battery charge against defendant had been amended, no amendment appeared on the face of the complaint. The court allowed the State to hand-write alterations on the written complaint. These alterations changed the statutory citation for battery from subsection (a)(1) to subsection (a)(2) and changed the allegation that defendant caused bodily harm to Valdivia-Navarro when defendant "reached into Samuel Valdivia-Navarro's vehicle and struck him three times in the face causing pain to his left side of the face" to an allegation that defendant made physical contact of an insulting or provoking nature to Valdivia-Navarro when defendant "reached into Samuel Valdivia-Navarro's vehicle and struck him in the face." The State showed defendant the proposed alterations. Defendant objected and moved to have the complaint "amended back" to citing subsection (a)(1), on the basis that he did not know Valdivia-Navarro and the amendment would "complicate*** my defense." The court granted the State leave to amend the complaint.

¶ 39 Section 111-5 of the Criminal Code of 2012 provides that a charging instrument may be amended at any time because of "formal defects," which include "[t]he use of alternative or disjunctive allegations as to the acts, means, intents or results charged." 725 ILCS 5/111-5(f) (West 2022); see *People v. Nathan*, 282 Ill. App. 3d 608, 610 (1996) (holding that section 111-5 allows amendment at any time "when the defect in the charge is a matter of form"). The means or manner by which an offense is committed is generally considered a matter of form that may be amended. *Nathan*, 282 Ill. App. 3d at 610. Amendments are warranted when there is no resulting surprise or prejudice to the defendant, or when the record clearly shows that the defendant was otherwise aware of the charge against him. *People v. Ross*, 395 Ill. App. 3d 660, 667 (2009). A trial court's decision to allow amendments is reviewed for an abuse of discretion. *Id.* at 668.

¶ 40 The crime at issue here, battery, "consists of two alternative and disjunctive elements; that is, physical contact which causes bodily harm or physical contact of an insulting or provoking nature." *People v. Haltom*, 37 Ill. App. 3d 1059, 1062 (1976). In this case, the amendment to the complaint changed the manner in which defendant committed battery; it did not broaden the scope of the complaint or change the offense with which defendant was charged. See *Nathan*, 282 Ill. App. 3d at 611. We cannot see how the amendments would have caused surprise or prejudice to defendant. Where the amendments were matters of form and permissible, the trial court did not abuse its discretion in allowing them. See *id.* Having found no clear or obvious error, the plain error doctrine does not apply. See *Wooden*, 2014 IL App (1st) 130907, ¶ 10.

¶ 41 Sixth, defendant contends that the trial court erred in denying his motion to compel a bill of particulars. In support of this contention, he asserts that "The substance of that right is in The Criminal Procedure of 1963 and The rules of Discovery for the Supreme Court of Illinois," that

"the court record should show the filing for the motion to amend the complaint," and "This should be the substantive reason for the plaintiff to be required by the court to present a bill of particulars." This allegation is underdeveloped, vague, and includes no citations to the record or legal authority. It does not satisfy the requirements of Rule 341(h) and is, therefore, forfeited. See *Atlas*, 2019 IL App (1st) 180939, ¶ 36.

¶ 42    Seventh, defendant contends that the trial court erred in denying his motion to amend the complaint where the State's motion to amend had not been presented to him and he was "provided no reasonable ability *** to make any substantive claim as a matter of law." We have already addressed the issue of the amendment to the complaint. Implicit in the trial court's allowance of the State's amendment was a denial of defendant's oral "motion to have it amended back to [(a)(1)]." We cannot find that the trial court abused its discretion in ruling on the amendment to the complaint. See *Nathan*, 282 Ill. App. 3d at 611. Where there is no clear or obvious error, there can be no plain error, and the contention is forfeited. See *Aquisto*, 2022 IL App (4th) 200081, ¶ 4.

¶ 43    Eighth, defendant contends that the record "does not show a ruling on the plaintiff's objection when the defendant attempted to show the police report to impeach the witness's testimony." The citation to the record provided by defendant points to the following exchange, which occurred after the State rested:

"THE COURT: Defense, you may present your case.

THE DEFENDANT: The police report—

[ASSISTANT STATE'S ATTORNEY]: Objection as to reading from the police report.

THE COURT: Do you wish to present a defense?

THE DEFENDANT: Yes."

¶ 44    Following this exchange, defendant was sworn as a witness and the court informed him he could tell the jury his version of what took place.

¶ 45    These proceedings, taken in context, reflect that the trial court implicitly sustained the State's objection and, rather than further litigate the issue, defendant proceeded with his case-in-chief. To the extent defendant's argument could be construed as a challenge to the court's ruling on the motion, however, such position is meritless.

¶ 46    In general, police reports are inadmissible as substantive evidence. *In re Estate of Frakes*, 2020 IL App (3d) 180649, ¶ 38. While they may be used to refresh a witness's recollection, even in that circumstance, they may not be read into evidence. *Id.* Here, contrary to defendant's assertion in his brief, he was not impeaching a witness at the time of the State's objection, and the State's objection was not to him *showing* the police report, but, rather, to him *reading* from it. Consequently, the trial court did not err in preventing him from reading from the police report. See *People v. Williams*, 240 Ill. App. 3d 505, 506 (1992) ("While it is true that police reports may be used for impeachment or refreshing a witness' recollection, it is well-settled that police reports are inadmissible hearsay not subject to any recognized exception to the hearsay rule."). Where there is no clear or obvious error, there can be no plain error, and the contention is forfeited for failure to file a posttrial motion. See *Aquisto*, 2022 IL App (4th) 200081, ¶ 4.

¶ 47    Ninth, defendant contends that the State did not prove the element of intent and that "no reasonable motive exists." To the extent that this contention constitutes a challenge to the sufficiency of the evidence, it fails.

¶ 48　When reviewing the sufficiency of the evidence, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). The credibility of the witnesses, the weight to be given their testimony, and the resolution of any conflicts in the evidence are within the province of the trier of fact, and a reviewing court will not substitute its judgment for that of the trier of fact on these matters. *People v. Brooks*, 187 Ill. 2d 91, 131 (1999). The testimony of a single witness, if positive and credible, is sufficient to convict. *People v. Siguenza-Brito*, 235 Ill. 2d 213, 228 (2009). Reversal is justified only where the evidence is "so unsatisfactory, improbable or implausible" that it raises a reasonable doubt as to the defendant's guilt. *People v. Slim*, 127 Ill. 2d 302, 307 (1989).

¶ 49　In order to sustain defendant's conviction for battery, the State was required to prove that he knowingly without legal justification by any means made physical contact of an insulting or provoking nature with Valdivia-Navarro. 720 ILCS 5/12-3(a)(2) (West 2022). In order to sustain defendant's conviction for criminal damage to property, the State was required to prove that he knowingly damaged any property of another. 720 ILCS 5/21-1(a)(1) (West 2022). Motive is not an element of either crime. 720 ILCS 5/12-3(a)(2), 21-1(a)(1) (West 2022); see also *People v. Gischer*, 51 Ill. App. 3d 847, 851 (1977) ("Motive is not an element that the State must prove to establish its case.").

¶ 50　At trial, Valdivia-Navarro testified that defendant reached into Valdivia-Navarro's vehicle through the open driver's window, repeatedly punched him "all over [his] face and all over [his] body," broke off the vehicle's turn signal lever, threw it at him, and walked away. Valdivia-Navarro testified that he was in shock and "really afraid" during the incident, and that he still

suffered from anxiety due to defendant's actions. Photographs taken by Valdivia-Navarro which depicted his broken turn signal lever were admitted into evidence. On cross-examination, defendant agreed that he struck Valdivia-Navarro and stated that he simultaneously grabbed the turn signal lever and ripped it out. Viewing the evidence in the light most favorable to the State, the evidence was sufficient to prove defendant guilty of battery and criminal damage to property beyond a reasonable doubt. *Siguenza-Brito*, 235 Ill. 2d at 230.

¶ 51 Tenth, defendant contends that the jury was not properly instructed because "[t]he head juror should have been handed a physical copy of the jury instructions along with the evidence." He asserts that this failure "lacks efficacy for reviewing the evidence by the jury by not providing the tools for reassurance." Again, defendant's allegation includes no citations to the record or legal authority. As such, it does not satisfy the requirements of Rule 341(h) and is forfeited. See *Atlas*, 2019 IL App (1st) 180939, ¶ 36.

¶ 52 Moreover, the record does not support defendant's assertion that the jury did not receive written instructions. Here, the record reveals that, at the jury instruction conference, the State tendered a clean copy of the instructions to the court. The court then read the instructions to the jurors and instructed them on how to sign the verdict forms. Following deliberations, the jury foreperson handed the verdict forms to the sheriff. We agree with the State that these circumstances raise an inference that the jury received a physical copy of the instructions in accordance with Illinois Supreme Court Rule 451(c) (eff. Apr. 8, 2013) and section 2-1107 of the Code of Civil Procedure (735 ILCS 5/2-1107 (West 2022)). As the record does not show that error occurred, the plain error doctrine does not apply.

¶ 53    In summary, the evidence presented at trial was sufficient to prove defendant guilty of battery and criminal damage to property beyond a reasonable doubt. The remainder of defendant's contentions on appeal are forfeited.

¶ 54    For the reasons explained above, we affirm the judgment of the circuit court.

¶ 55    Affirmed.